Manly, J.
 

 We are not aware of any class of defamatory words, which are held to be actionable, that would embrace the language complained of in this case. The three classes most usually found in elementary books, are :
 

 1. Words that impute a crime or a misdemeanor, punishable by an infamous penalty.
 

 2. Words that impute an contagious disease, by which the party impugned would be excluded from society.
 

 8. W ords derogatory to one in respect to his office, profession or calling.
 

 The.case before us, is not embraced in any of these classes.
 

 It is obviously not in the first. It is not in the second, for the reason that this class has been strictly confined to the imputation of certain diseases of a loathsome or pestilential nature. It is not in the third, because the offensive language is not spoken of the plaintiff
 
 in respect to his
 
 calling, which is indispensable to the actionable character of words in that class. It is stated in the declaration, that the plaintiff was a minister of the gospel. Conceding this to be one of the callings which falls within the rule of law in respect to slander, (which is by no means certain) yet, its sacred character will not make language actionable, which would not be so, if used of a private person, unless such language be of and concerning him in his capacity of minister.
 

 Thus stands the law, as we conceive, in respect to words alleged to be actionable of themselves; with respect to all other disparaging words, outside of the limitation prescribed, special damage must be alleged and proved.
 

 Concurring with the Court below, that the words are not subject to an action without an allegation and proof of special damage, the judgment of nonsuit, in the Court below, is affirmed.
 

 Per Curiam,
 

 Judgment affirmed.