THE CANTON SURGICAL AND DENTAL CHAIR COMPANY, Appellant, vs. McLAIN, Respondent.

82      93
52 LRA 528n

*March 23 — April 12, 1892.*

*Slander: Words affecting business standing: Pleading.*

In an action by a chair company for slander, the complaint alleged that defendant had said that the plaintiff company " used to make the old Young surgical chair, and they owed old Dr. Young so much he shut them up. They owed him $3,000. He never got anything but a judgment, which was worthless; and old Dr. Young found them irresponsible, and any bank would tell you so." It also alleged that defendant said the plaintiff had copied another chair, and had been beaten on several points, and compelled to pay a royalty. *Held,* that the words alleged to have been spoken were not actionable *per se,* nor were they rendered actionable by a mere general allegation of special injury in the loss of the sale of chairs.

APPEAL from the Circuit Court for *Waukesha* County. The amended complaint alleges, in effect, that at the times named the plaintiff was a corporation organized under the laws of Ohio, and engaged in the manufacture and sale of surgical and dental chairs; that June 17, 1890, at Waukesha, the defendant, maliciously intending to injure the plaintiff in its good name and reputation, in the presence and hearing of a number of persons, spoke of and concerning the plaintiff the following words, with appropriate innuendoes, to wit: " The *Canton Company* used to make the old Young surgical chair, and they owed old Dr. Young so much he

The Canton Surgical and Dental Chair Co. vs. McLain.

shut them up. They owed him $3,000. He never got anything but a judgment, which was worthless; and old Dr. Young found them irresponsible, and any bank would tell you so. They copied the Harvard, two years after we began to manufacture. They copied the raising and tilting of said chair, but we beat them out on three points, and they have now to pay us royalty. They pay us — the Harvard Chair Company — about five dollars on each chair. We have got a decision to that effect in a suit brought by the Harvard Company against the plaintiff;" that said words were false, malicious, and defamatory; that by reason thereof the plaintiff was injured specially in the sale of its chairs, and thereby lost the sale of several of them, and was specially damaged in the sum of $500; that the plaintiff was thereby injured in its good name and reputation, and thereby suffered damage to the sum of $5,000. The defendant answered by way of denials, admissions, and special matter. On the trial the defendant objected to the reception of any evidence under the complaint as amended, on the ground that it did not state facts sufficient to constitute a cause of action. The court sustained such objection and nonsuited the plaintiff. From the judgment entered accordingly the plaintiff appeals.

For the appellant there was a brief by *Ryan & Merton*, and oral argument by *E. Merton*. They cited Townshend, Slander, sec. 191; *Brown v. Smith*, 13 C. B. 596; *Gostling v. Brooks*, 2 Foster & F. 76; *Robinson v. Marchant*, 7 Q. B. 918; *Harrison v. Bevington*, 8 Car. & P. 708; *Whittington v. Gladwin*, 5 Barn. & C. 180; *Lewis v. Hawley*, 2 Day, 495, 2 Am. Dec. 121; *Hayes v. Press Co.* 127 Pa. St. 642, 14 Am. St. Rep. 874; *Haney Mfg. Co. v. Perkins*, 78 Mich. 1; *Orpwood v. Barkes*, 4 Bing. 261; *Morris v. Langdale*, 2 Bos. & P. 284; *Phillips v. Hœfer*, 1 Pa. St. 62, 44 Am. Dec. 111; *Jones v. Littler*, 7 Mees. & W. 423; 10 L. J. Eq. 171; *Griffiths v. Lewis*, 15 L. J. Q. B. 249; *Prior v. Wilson*, 1

The Canton Surgical and Dental Chair Co. vs. McLain.

C. B. N. S. 95; *Watson v. Trask*, 6 Ohio, 531; *Singer v. Bender*, 64 Wis. 169; *Gottbehuet v. Hubachek*, 36 id. 515; Newell, Defamation, 360, sec. 3; *Newman v. Stein*, 75 Mich. 402, 13 Am. St. Rep. 447.

*C. E. Armin*, for the respondent.

CASSODAY, J. Undoubtedly a corporation engaged in the manufacture and sale of goods, furniture, or machinery may have an established good name, fame, and credit therein, which may be injured and damaged by defamatory words spoken of and concerning the same. The question here presented is whether the words alleged to have been spoken, and contained in the foregoing statement, are actionable *per se*. It will be observed that a portion of the words so alleged relate to the " old Young surgical chair," which the " *Canton Company used* to make," but manifestly had long since ceased to make. The only difficulty we have had with that portion of the charge or with the case is whether it does not charge the company with being insolvent and unworthy of credit. But nothing of the kind is directly charged, and, as indicated, the charge relates to matters which, for aught that appears in the complaint, may have transpired years before the speaking of the words alleged, and may not have been connected with or concerned the business or credit of the company at the time of such speaking. The fact that the company had ceased to make the old chair mentioned, and copied the raising and tilting of the Harvard, and been beaten on three points, and was compelled to pay the Harvard Chair Company a royalty of five dollars on each chair, under a decision to that effect, is, as we think, in no sense actionable *per se*. Nor do the words alleged necessarily relate to the business of the plaintiff. Besides, the complaint fails to state facts or circumstances, by way of *colloquium* or otherwise, sufficient to enlarge the meaning of the sup-

posed slanderous words.   Nor does the mere general alle-
gation of special injury in the loss of the sale of chairs sup-
ply such deficiency.

*By the Court.—* The judgment of the circuit court is
affirmed.