### J. S. DEESE v. ELLISON COLLINS.

(Filed 12 May, 1926.)

**Slander—Damages—Actionable per se—Negro Blood—Special Damages.**

> In order to sustain an action for damages for slanderous words falsely spoken, etc., it is necessary for the plaintiff to show special damages, unless they amount in effect to a charge of an infamous crime, or with his having an infectious disease, or relate to his trade or profession; and utterances that only charge him with having negro blood in his veins, are not actionable *per se*.

APPEAL by plaintiff from judgment of *McElroy, J.,* at October Term, 1925, of UNION. Affirmed.

Action to recover damages for slander. Plaintiff is a white man. He alleges that defendant spoke of and concerning him words by which he intended to charge, and did charge, that plaintiff, along with other mem-bers of his family, had negro blood in his veins; that said charge was false and malicious, and was made with the intent and purpose to dam-age plaintiff. He neither alleged, nor offered evidence tending to prove

special damages resulting from said charge. At close of plaintiff's evidence defendant moved for judgment as of nonsuit. Motion allowed. From judgment rendered dismissing the action, plaintiff appealed to the Supreme Court.

*Julian C. Brooks and Vann & Millikin for plaintiff.*
*John C. Sikes for defendant.*

CONNOR, J. The sole question presented by this appeal, as stated in appellant's brief, is whether a false statement made by defendant that plaintiff has negro blood in his veins, is actionable *per se* under the law. of this State. Unless this question be answered in the affirmative, no action for damages can be maintained therefor, without allegation and proof of special damages resulting from the false statement. On the contrary, if the words are actionable *per se* the plaintiff is required neither to allege nor prove damages; the law presumes damages, as necessarily resulting from the false statement. If words falsely spoken of and concerning the plaintiff by the defendant charge him with an infamous offense, or with having an infectious disease, or impeach his trade or profession, such words are *per se* actionable, because these words necessarily tend to his degradation and injury, and the plaintiff may recover as a matter of course, without showing that he has actually sustained damages. But when the words spoken are such as do not on their face import such degradation as will of course be injurious, then plaintiff must aver some special damages, which is called laying his action with a *per quod,* and he must show by proof that he has in point of fact sustained a loss before he can recover. *Pegram v. Stoltz,* 76 N. C., 350. This distinction between an action founded upon words which are actionable *per se,* and an action founded upon words which are not actionable *per se,* based upon the common law (3 Bl. Com., 123), has been uniformly recognized in this State. *Baker v. Winslow,* 184 N. C., 1; *Cotton v. Fisheries Products Co.,* 177 N. C., 56; *Payne v. Thomas,* 176 N. C., 401; *Jones v. Brinkley,* 174 N. C., 23; *Hadley v. Tinnin,* 170 N. C., 84.

Plaintiff offered evidence tending to show that defendant spoke of and concerning him the words as alleged in the complaint. If these words are not actionable *per se,* under the law of this State, there was no error in allowing defendant's motion for judgment as of nonsuit, plaintiff having neither alleged nor. proved any damages resulting from the words spoken by defendant, cannot recover in this action.

In *McDowell v. Bowles,* decided at the December Term, 1860, and reported in 53 N. C., 184, this Court, in an opinion written by *Manly, J.,* and concurred in by *Pearson, C. J.,* and *Battle, J.,* held that it was not

actionable *per se* to charge, by spoken words, that a white man was a free negro. In that case there was evidence that defendant said of plaintiff, "He is a free negro." No special damages, resulting from these words, were alleged or proved. A judgment of nonsuit, rendered by the trial judge, was, upon appeal to this Court, affirmed. Upon the authority of that case we must hold that under the law of this State, words charging that a white man has negro blood in his veins are not actionable *per se*. In order to maintain an action for damages resulting from such words, the plaintiff must allege and prove special damages. The law does not presume damages which can be compensated by a sum of money to be assessed by a jury and recovered by plaintiff of defendant. The words do not impute a crime or a misdemeanor punishable by an infamous penalty; they do not impute a contagious disease by which plaintiff will be excluded from society; nor are they derogatory to plaintiff in respect to his trade or profession. There was no error in allowing the motion for judgment as of nonsuit. The judgment is

Affirmed.