SOL BADAME v. EDGAR B. LAMPKE AND SINGER SEWING MACHINE COMPANY, A CORPORATION.

(Filed 19 October, 1955.)

**1. Libel and Slander § 2—**

Words actionable *per se* are those which are of an injurious character as a fact of common acceptance, of which fact the courts will take judicial notice, and the law will raise a *prima facie* presumption of malice and a conclusive presumption of legal injury and damage, entitling the victim of the defamation to recover damages, nominal at least, without specific allegation or proof of damage.

**2. Libel and Slander § 3—**

Where the injurious character of the words does not appear on their face as a matter of general acceptance, but only in consequence of extrinsic, explanatory facts showing its injurious effect, such utterance is actionable only *per quod*, and in such cases the injurious character of the words and some special damage must be pleaded and proved.

**3. Libel and Slander § 2—**

False words uttered of a person in his business relation imputing to such person conduct derogatory to his character and standing as a business man and tending to prejudice him in his business, are actionable *per se*.

**4. Same—**

Plaintiff alleged that defendant, a business competitor, spoke words over the telephone to a customer which imputed to plaintiff the reputation of engaging in "shady deals." *Held:* The words are actionable *per se*, and demurrer on the ground that the complaint alleged no special damage should have been overruled.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Patton, Special Judge,* at 21 March, 1955, Civil Term of MECKLENBURG.

Civil action for slander, heard below on demurrer to the complaint.

The complaint alleges that the plaintiff and the defendants are engaged in the sale and distribution of sewing machines in and around the City of Charlotte. They are business competitors. The plaintiff sells Royal and Edison machines, the defendants the Singer machine.

The defendant Lampke is district manager for Singer. The plaintiff sold Mr. and Mrs. K. O. Coble an Edison machine. The Cobles owned an old Singer which was traded in on the new Edison. There was a small balance due on the Singer. This balance was assumed and promptly paid by the plaintiff. A short while later, Lampke had a phone conversation with Mr. Coble in which Lampke is alleged to have said:

"You should not have traded your sewing machine with Mr. Badame. Mr. Badame will not give you a good machine. The balance on your old machine has not been paid off. Do you know Captain McCall of the Charlotte Police Department? Call him and he can tell you all about the shady deals Mr. Badame has pulled."

It is further alleged that the words so spoken were false; that they were spoken maliciously with intent to injure the plaintiff in his business, and that by reason thereof his business reputation has been impaired and he has lost the esteem of customers and prospective customers, resulting in great loss of business, to his actual damage in the sum of $25,000.

The defendants demurred to the complaint for failure to state facts sufficient to constitute a cause of action, in that (1) the words complained of are not slanderous *per se,* and (2) no special damage is alleged. The demurrer was sustained, and from judgment in accordance with this ruling, the plaintiff appeals.

*Bell, Bradley, Gebhardt & DeLaney for plaintiff, appellant.*
*Helms & Mulliss and John D. Hicks for defendants, appellees.*

JOHNSON, J. Decision here turns on whether the words alleged to have been spoken of the plaintiff are actionable *per se.*

Defamatory words may be actionable *per se,* that is, in themselves, or they may be actionable *per quod,* that is, only upon allegation and proof of special damage. However, both classes of words are actionable for the single reason that they cause pecuniary damage to those concerning whom they are maliciously spoken. The difference between the two classes of words is in the mode of proving the resultant damage. As to words actionable *per se,* the law treats their injurious character as a fact of common acceptance, and consequently the courts take judicial notice of it. Where such words are spoken, the law raises a *prima facie* presumption of malice and a conclusive presumption of legal injury and damage, entitling the victim of the defamation to recover damages, nominal at least, without specific proof of injury or damage. *Deese v. Collins,* 191 N.C. 749, 133 S.E. 92; *Oates v. Trust Co.,* 205 N.C. 14, 169 S.E. 869; *Broadway v. Cope,* 208 N.C. 85, 179 S.E. 452; *Kindley*

*v. Privette,* 241 N.C. 140, 84 S.E. 2d 660; 33 Am. Jur., Libel and Slander, Sections 5, 266, and 282. On the other hand, if the injurious character of the spoken statement appears, not on its face as a matter of general acceptance, but only in consequence of extrinsic, explanatory facts showing its injurious effect, such utterance is said to be actionable only *per quod,* and in such cases the injurious character of the words must be pleaded and proved, and in order to recover there must be allegation and proof of some special damage. *Deese v. Collins, supra.*

It is well settled that false words imputing to a merchant or business man conduct derogatory to his character and standing as a business man and tending to prejudice him in his business are actionable, and words so uttered may be actionable *per se. Broadway v. Cope, supra.* However, the better reasoned decisions seem to hold that in order to be actionable without proof of special damage, the false words (1) must touch the plaintiff in his special trade or occupation, and (2) must contain an imputation necessarily hurtful in its effect on his business. That is to say, it is not enough that the words used tend to injure a person in his business. To be actionable *per se,* they must be uttered of him in his business relation. *James v. Haymes,* 160 Va. 253, 168 S.E. 333; *Herman v. Post,* 98 Conn. 792, 120 A. 606; *Canton Surgical, etc., Chair Co. v. McLain,* 82 Wis. 93, 51 N.W. 1098; 53 C.J.S., Libel and Slander, Sec. 43; 33 Am. Jur., Libel and Slander, Sec. 64. See also Annotations: 52 A.L.R. 1199 and 86 A.L.R. 442. Defamation of this class ordinarily includes charges made by one trader or merchant tending to degrade a rival by charging him with dishonorable conduct in business. *Broadway v. Cope, supra;* 33 Am. Jur., Libel and Slander, Sections 68 and 70.

It would seem that the words alleged to have been spoken by the defendant Lampke necessarily imputed to the plaintiff, his business rival, the character of a disreputable business man who had the reputation of engaging in "shady deals." Webster, New International Dictionary, 1951 Edition, defines "shady" as used in this sense as "equivocal as regards merit or morality; unreliable; disreputable." We conclude that the words complained of when interpreted in their natural meaning charge the plaintiff with a dishonorable course of business conduct, and are actionable *per se.*

The cases cited and relied on by the defendants are distinguishable.

The question whether the complaint alleges special damage is not presented by this appeal. See Annotation: 81 A.L.R. 848.

The demurrer interposed below should have been overruled. It is so ordered.

Reversed.

WINBORNE, J., took no part in the consideration or decision of this case.