356 S.E.2d 378 (1987)
Willard JOHNSON
v.
Grayton BOLLINGER and City of Kings Mountain.
No. 8627SC862.
Court of Appeals of North Carolina.
June 2, 1987.
*379 Lester H. Broussard, Gastonia, for plaintiff-appellant.
Womble, Carlyle, Sandridge & Rice by Tyrus V. Dahl, Jr., Winston-Salem, for defendants-appellees.
GREENE, Judge.
Plaintiff brought this tort action alleging Bollinger (hereinafter, "defendant"), while acting in the course and scope of his employment *380 by the City of Kings Mountain (hereinafter, the "City" or collectively as the "defendants"), intentionally assaulted, defamed and inflicted severe emotional distress upon plaintiff. Defendants moved to dismiss the complaint under N.C.R.Civ.P. 12(b)(6). The trial court orally granted defendants' motion to dismiss. A proposed Order dismissing plaintiff's claim with prejudice was signed by the trial judge and filed two days later. At no time did plaintiff request leave to amend his complaint or move that the trial court's dismissal be entered without prejudice. Instead, plaintiff appealed to this Court.
Briefly, plaintiff's complaint alleged plaintiff owned a gas station in the City. Defendant was employed by the City as an animal warden. The City permitted defendant to carry a pistol in the course of his employment despite city ordinances prohibiting animal wardens from carrying firearms. Plaintiff further alleged that defendant "approached plaintiff ... in an angry, hostile and threatening manner" at the Cleveland County Law Enforcement Center, "shook his hand in the plaintiff's face and said in a loud, rude and offensive manner ..., `You are a stupid son-of-a-bitch,' and `You are a liar,' and stated further `I will get you.'" Defendant wore his City uniform and carried a pistol during the incident. Persons were present in the Law Enforcement Center during defendant's statements.
Plaintiff claimed defendant's actions and statements constituted assault, defamation and intentional infliction of emotional distress. With respect to his defamation claim, plaintiff specifically alleged:
[T]he plaintiff has been ... defamed by the aforesaid words which ... caus[ed] him to suffer ridicule, humiliation, public contempt, loss of reputation, damage to his trade or business, and loss of business income, all to the plaintiff's damage in the sum of $20,000.00.
The issues before this Court are whether, under N.C.R.Civ.P. 12(b)(6), the trial court erred in dismissing with prejudice plaintiff's claims for: (1) assault; (2) intentional infliction of emotional distress; and (3) defamation, per se and per quod.
In Sutton v. Duke, 277 N.C. 94, 106, 176 S.E.2d 161, 168 (1970), our Supreme Court summarized the transition from demurrer motions to motions to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure:
The [Rule 12(b)(6)] motion to dismiss... will be allowed only when, under the former practice, a demurrer would have been sustained because the complaint affirmatively disclosed that the plaintiff had no cause of action against the defendant.... Thus, generally speaking, the motion to dismiss under Rule 12(b)(6) may be successfully interposed to a complaint which states a defective claim or cause of action but not to one which was formerly labeled a `defective statement of a good cause of action.' For such complaint, ..., other provisions of Rule 12, the rules governing discovery, and the motion for summary judgment provide procedures adequate to supply information not furnished by the complaint. [citations omitted] [emphasis added]
By motion under Rule 12(b)(6), defendants may raise the defense that plaintiff's complaint fails to state a claim upon which relief can be granted. Dismissal under Rule 12(b)(6) is proper when one or more of the following three conditions is satisfied: (1) when on its face the complaint reveals no law supports plaintiff's claim; (2) when on its face the complaint reveals the absence of fact sufficient to make a good claim; and (3) when some fact disclosed in the complaint necessarily defeats plaintiff's claim. Oates v. JAG, Inc., 314 N.C. 276, 278, 333 S.E.2d 222, 224 (1985). Thus, a complaint is deemed sufficient to withstand a motion to dismiss under Rule 12(b)(6) where no "insurmountable bar" to recovery appears on the face of the complaint and the complaint's allegations give adequate notice of the nature and extent of the claim. Presnell v. Pell, 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979). More important, plaintiff's complaint should not be dismissed unless it affirmatively *381 appears plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim. Id. As our Supreme Court stated in Ladd v. Estate of Kellenberger, 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985), "the system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." Pursuant to a Rule 12(b)(6) motion, well-pleaded allegations are treated as true. Smith v. Ford Motor Co., 289 N.C. 71, 80, 221 S.E.2d 282, 290 (1976). Under Rule 12(b)(6), unless matters outside the pleadings are presented such that the court treats the motion as one for summary judgment under N.C.R.Civ.P. 56, the motion does not present the merits of the action, but only whether the merits may be reached. See Concrete Service Corp. v. Investors Group, Inc., 79 N.C.App. 678, 681, 340 S.E.2d 755, 758, cert. denied, 317 N.C. 333, 346 S.E.2d 137 (1986). Thus, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)).
Given these parameters of dismissal under Rule 12(b)(6), we examine the dismissal with prejudice of plaintiff's claims.

I
The interest protected by the action for assault is freedom from apprehension of a harmful or offensive contact with one's person. McCracken v. Sloan, 40 N.C.App. 214, 216, 252 S.E.2d 250, 252 (1979). In Dickens v. Puryear, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981), our Supreme Court stated assault requires the plaintiff's reasonable apprehension of an immediate harmful or offensive contact. The Dickens Court further quoted the Comment to Section 29(1) of Restatement (Second) of Torts (1965): "[T]he apprehension created must be one of imminent contact, as distinguished from any contact in the future. Imminent does not mean immediate, in the sense of instantaneous contact... it means rather that there will be no significant delay." 302 N.C. at 445-46, 276 S.E.2d at 331. While words alone may not constitute assault, words may render the actor liable if, in combination "with other acts or circumstances, they put the other in reasonable apprehension of an imminent harmful or offensive contact with his person." Id. (quoting Restatement (Second) of Torts Sec. 31)
In the instant case, defendant approached plaintiff in an angry and threatening manner while wearing a pistol. Defendant shook his hand in plaintiff's face and said in a loud voice, "I will get you." Plaintiff could reasonably expect imminent offensive contact under these circumstances. See Restatement (Second) of Torts Sec. 29, comment b (raised hand is example of act indicating imminent contact). Under the circumstances alleged in the complaint, we find no legal insufficiency or defect in plaintiff's allegation of assault. Plaintiff's allegations clearly give rise to certain facts which, if proved, would support plaintiff's claim. Given the Oates standards of dismissal under Rule 12(b)(6), the trial court erroneously dismissed plaintiff's claim of assault.

II
North Carolina recognizes the tort of intentional infliction of emotional distress. In Dickens, our Supreme Court held the tort consists of:
(1) Extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another. The tort may also exist where defendant's actions indicate a reckless indifference to the likelihood that they will cause severe emotional distress.
302 N.C. at 447, 276 S.E.2d at 335.
We first determine if defendant's conduct represents extreme and outrageous conduct. In Briggs v. Rosenthal, 73 N.C. App. 672, 676, 327 S.E.2d 308, 311, cert. denied, 314 N.C. 114, 332 S.E.2d 479 (1985), this Court held the initial determination of whether conduct is extreme and outrageous is a question of law for the court: "If the court determines that it may reasonably be so regarded, then it is for the *382 jury to decide whether, under the facts of a particular case, defendants' conduct ... was in fact extreme and outrageous." (emphasis added) In Briggs, we further stated:
The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime, plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion....
73 N.C.App. at 677, 327 S.E.2d at 311 (quoting Restatement (Second) of Torts Sec. 46, comment d). Cf. Dixon v. Stuart, 85 N.C. App. 338, 354 S.E.2d 757, 759 (1987) (extreme ridicule and harassment which was part of conspiracy to interfere with employment was actionable).
After reviewing defendant's alleged conduct, we find it is neither extreme nor outrageous under the standards set forth in Dickens and Briggs. Although we recognize the facts alleged are offensive, the facts alleged do not evidence the extreme conduct essential to this cause of action. In short, plaintiff's complaint on its face reveals the absence of facts sufficient to make a good claim of intentional infliction of emotional distress. See Oates, 314 N.C. at 278, 333 S.E.2d at 224. Accordingly, the trial court appropriately dismissed this claim under Rule 12(b)(6).
Plaintiff argues that, even if the emotional distress claim was properly dismissed under Rule 12(b)(6), the trial court should have granted plaintiff leave to amend on its own motion under N.C.R. Civ.P. 15(a). In Harris v. Family Medical Center, 38 N.C.App. 716, 718, 248 S.E.2d 768, 770 (1978), this Court held that granting a dismissal under N.C.R.Civ.P. 12(c) forecloses plaintiff's right to amend a complaint under Rule 15(a). While the precise effect of Rule 12(b)(6) dismissals in this respect has not been decided by our courts, the question has been addressed by federal courts and collateral authorities discussing F.R.Civ.P. 12(b)(6) which is identical to our own rule.
A motion to dismiss under Rule 12(b)(6) is not a "responsive pleading" under Rule 15(a) and so does not itself terminate plaintiff's unconditional right to amend a complaint under Rule 15(a). See Smith v. Blackledge, 451 F.2d 1201, 1203 n. 2 (4th Cir.1971); see also 6 Wright & Miller, Federal Practice and Procedure Sec. 1483 at 411-12 (1971); 3 J. Moore, Moore's Federal Practice par. 15.07[2] at 15-33 (2d ed. 1985). However, once the trial court enters its dismissal under Rule 12(b)(6), plaintiff's right to amend under Rule 15(a) is terminated. Sachs v. Snider, 631 F.2d 350, 351 (4th Cir.1980) (per curiam) (no right to amend after dismissal); see generally, 3 J. Moore, Moore's Federal Practice, par. 15.07[2] at 15-39 (2d ed. 1985). Under certain limited circumstances set forth in N.C.R.Civ.P. 59(e) and 60(b), a plaintiff may however seek to reopen the trial court's judgment and amend the complaint concurrently under Rule 15(a). See Housing, Inc. v. Weaver, 305 N.C. 428, 439-40, 290 S.E.2d 642, 649 (1982); see generally 6 Wright & Miller, Federal Practice and Procedure Sec. 1489 at 445 (1971) (most courts hold that once judgment is entered, amendment not allowed until judgment set aside or vacated under Rule 59 or Rule 60).
As plaintiff failed to take any action to amend his complaint either before or after its dismissal, he cannot now complain he lacked adequate opportunity to amend his complaint. After dismissal of plaintiff's complaint under Rule 12(b)(6), the trial court was no longer empowered to grant plaintiff leave to amend under Rule 15(a): "To hold otherwise would enable the liberal amendment policy of Rule 15(a) to be employed in a way that is contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation." 6 Wright & Miller, Sec. 1489 at 445.
Plaintiff has also assigned error to the trial court's dismissing his claims "with prejudice." The definition and implications *383 of judgments with and without prejudice were discussed by this Court in Barnes v. McGee, 21 N.C.App. 287, 289, 204 S.E.2d 203, 205 (1974):
"A judgment of dismissal with prejudice gives the defending party the basic relief to which he is entitled as to the claims so dismissed." 5 Moore, Federal Practice, Sec. 41.05(2), p. 1066. A dismissal "with prejudice" is the converse of a dismissal "without prejudice" and indicates a disposition on the merits. It is said to preclude subsequent litigation to the same extent as if the action had been prosecuted to a final adjudication adverse to the plaintiff. 46 Am.Jur.2d, Judgments Sec. 482, p. 645. "Dismissal with prejudice, unless the court has made some other provision, is subject to the usual rules of res judicata and is effective not only on the immediate parties but also on their privies." 9 Wright & Miller, Federal Practice & Procedure, Sec. 2367, p. 185-86.
With certain exceptions not relevant here, N.C.R.Civ.P. 41(b) provides that all dismissals, including those under Rule 12(b)(6), operate as an adjudication upon the merits unless the trial court specifies the dismissal is without prejudice. See N.C.R.Civ.P. 41(b), comment to 1969 amendment (court's power to dismiss on terms extends to almost all dismissals); Whedon v. Whedon, 313 N.C. 200, 210, 328 S.E.2d 437, 443 (1985) (ordinarily, involuntary dismissal under Rule 41(b) operates as adjudication upon merits).
It is true that, by definition, defendant's motion under Rule 12(b)(6) did not reach the merits of any of plaintiff's claims. Concrete Service Corp., 79 N.C.App. at 681, 340 S.E.2d at 758. Nevertheless, Rule 41(b) grants the trial court discretion to determine whether or not its dismissal shall "operate ... as an adjudication upon the merits." Plaintiff was not entitled to a dismissal without prejudice since the authority to determine in which cases it is appropriate to allow the non-movant to commence a new action has been vested by Rule 41(b) in the trial judge. Whedon, 313 N.C. at 213, 328 S.E.2d at 445. The trial court's authority to order an involuntary dismissal with or without prejudice is therefore exercised in the broad discretion of the trial court and its ruling will not be disturbed absent abuse of discretion. Id. Thus, appellate courts should not disturb the exercise of this discretion unless the challenged action is "manifestly unsupported by reason." Miller v. Ferree, 84 N.C.App. 135, ___, 351 S.E.2d 845, 847 (1987) (quoting Clark v. Clark, 301 N.C. 123, 129, 271 S.E.2d 58, 63 (1980)); see also White v. White, 312 N.C. 770, 324 S.E.2d 829 (1985) (abuse of discretion found only upon showing decision so arbitrary that could not be the result of a reasoned decision).
Since the dismissal order operates as an adjudication on the merits unless the order specifically states to the contrary, the party whose claim is being dismissed has the burden to convince the court that the party deserves a second chance; thus, the party should move the trial court that the dismissal be without prejudice. Whedon, 313 N.C. at 212-13, 328 S.E.2d at 444-45 (quoting W. Shuford, N.C.Civ.Prac. and Proc. Sec. 41-8). Plaintiff never moved that the court condition the terms of its dismissal. Absent such a motion as contemplated by the Supreme Court in Whedon, this record is devoid of any facts from which the trial court or this Court could determine why plaintiff should be given a chance to re-file his complaint.
Thus, we cannot say the trial court's dismissal of this claim with prejudice was "manifestly unsupported by reason." We conclude the trial court was well within its discretion in deciding plaintiff should not have another opportunity to re-file his claim for emotional distress.

III

A
Defamatory words may be actionable per se or actionable per quod. Where words are actionable per se, the law prima facie presumes malice and conclusively presumes damages, at least in a nominal amount, without specific proof of injury. Badame v. Lampke, 242 N.C. 755, 756, 89 *384 S.E.2d 466, 467 (1955); Williams v. Rutherford Freight Lines, Inc., 10 N.C.App. 384, 387-88, 179 S.E.2d 319, 322 (1971). However, if the words are not injurious as a matter of general acceptance, but are only injurious in consequence of extrinsic facts, the words are only actionable per quod; in such situations, there must be specific allegations and proof of some special damage arising from the utterance. Badame, 242 N.C. at 757, 89 S.E.2d at 467-68.
We first determine whether defendant's accusations are actionable per se. Plaintiff is a merchant, the operator of a gasoline station. Defendant accused him of being a "liar" and "stupid." In Badame, the Court stated:
[T]he better reasoned decisions seem to hold that in order to be actionable without proof of special damage, the false words (1) must touch the plaintiff in his special trade or occupation, and (2) must contain an imputation necessarily hurtful in its effect on his business. That is to say, it is not enough that the words used tend to injure a person in his business. To be actionable per se, they must be uttered of him in his business relation.
242 N.C. at 757, 89 S.E.2d at 468 (citations omitted) (business rival told plaintiff's customer that plaintiff engaged in "shady deals"). See also Matthews, Cremins, McLean, Inc. v. Nichter, 42 N.C.App. 184, 256 S.E.2d 261, cert. denied, 298 N.C. 569, 261 S.E.2d 123 (1979) (libel per se when letters sent to television stations asserted plaintiff breached contracts and failed to pay bills). Additionally, the general rule is that an actionable defamatory statement must be false. Parker v. Edwards, 222 N.C. 75, 78, 21 S.E.2d 876, 878-79 (1942).
In reviewing defendant's statements, we do not believe that under Badame the statements "touch" plaintiff in respect of his service station business. Plaintiff has not alleged the statements were made with respect to any aspect of the operation of his gas station. Plaintiff's allegations do not demonstrate circumstances which would cause listeners to believe defendant's statements were related to plaintiff's business. There must be some direct or indirect reference in the pleadings to words or circumstances which connect the alleged slander with plaintiff's trade or business. If the words only attribute to plaintiff a misconduct unconnected to his business, the words are not actionable without proof of special damages. Since plaintiff's complaint does not set forth any facts suggesting any connection between defendant's words and plaintiff's business, plaintiff's complaint completely fails to set forth a substantive element of slander per se. Dismissal of the per se claim was therefore proper under Rule 12(b)(6). See Hewes v. Johnston, 61 N.C. App. 603, 604, 301 S.E.2d 120, 121 (1983) (plaintiff must satisfy substantive elements of some legal claim). For the reasons discussed earlier, we furthermore conclude the trial court's dismissal with prejudice of plaintiff's slander per se claim was also properly within the trial court's discretion under Rule 41(b).

B
While plaintiff's allegation of slander per se was properly dismissed, we must nevertheless determine whether the complaint properly alleged slander per quod. Defendant's alleged statements that the plaintiff was a "liar" may be actionable per quod if false. See Stutts v. Duke Power Co., 47 N.C.App. 76, 82, 266 S.E.2d 861, 865 (1980). When considered in connection with "innuendo, colloquium and explanatory circumstances," we hold that these words could be defamatory. Flake v. Greensboro News Co., 212 N.C. 780, 785, 195 S.E. 55, 59 (1938). We believe defendant's words were more than "mere abusive epithets" and are thus actionable. See Ringgold v. Land, 212 N.C. 369, 371, 193 S.E. 267, 268 (1937).
Since defendant's statements are actionable per quod, special damages must be pleaded and proved. In order to prove special damages from defamation, plaintiff's allegations must evidence a pecuniary loss rather than simple humiliation. Stutts, 47 N.C.App. at 82, 266 S.E.2d at 865. Emotional distress and mental suffering *385 are not sufficient allegations to establish a basis for relief in cases which are only actionable per quod. Williams, 10 N.C.App. at 390, 179 S.E.2d at 324. Plaintiff has here alleged the stated defamation caused him to "suffer ridicule, humiliation, public contempt, loss of reputation, damage to his trade or business, and loss of business income, all to the plaintiff's damage in the sum of $20,000." (emphasis added) Of these allegations, only the purported business damages and loss of business income constitute the pecuniary losses necessary for special damages arising from defamation.
Since pecuniary and non-pecuniary losses are lumped together into the sum of $20,000, plaintiff's allegations are subject to charges of vagueness and ambiguity. Under N.C.R.Civ.P. 9(g), each claimed item of special damage must be averred. Special damages must be specifically pleaded and proved and the facts giving rise to the special damages must be sufficient to inform the defendant of the scope of plaintiff's demand. Gillespie v. Draughn, 54 N.C.App. 413, 417, 283 S.E.2d 548, 552, disc. rev. denied, 304 N.C. 726, 288 S.E.2d 805 (1982); see also Rodd v. W.H. King Drug Co., 30 N.C.App. 564, 228 S.E.2d 35 (1976); Stanford v. Owens, 46 N.C. 388, 398, 265 S.E.2d 617, 624, disc. rev. denied, 301 N.C. 95 (1980) (must plead special damages with sufficient particularity to put defendant on notice).
Had plaintiff omitted any allegation of damage to his trade or business, his defamation claim might be ripe for dismissal under Rule 12(b)(6). Cf. Stanback v. Stanback, 297 N.C. 181, 254 S.E.2d 611 (1979) (plaintiff's complaint made no reference whatsoever to special damages); Stikeleather v. Willard, 83 N.C.App. 50, 348 S.E.2d 607 (1986) (dismissal upheld where no special damages pleaded). However, the policy behind the notice theory of the present Rules is to resolve controversies on the merits, following the opportunity for discovery, rather than resolving controversies on pleading technicalities. Smith v. City of Charlotte, 79 N.C.App. 517, 528, 339 S.E.2d 844, 851 (1986). Since plaintiff did plead business losses, however vaguely and ambiguously, defendants' proper remedy was a motion for a more definite statement. N.C.R.Civ.P. 12(e). Smith, 79 N.C. App. at 529, 339 S.E.2d at 851; Hull v. Pike, 64 N.C.App. 379, 381, 307 S.E.2d 404, 406 (1983). We note that motions for a more definite statement may frequently be interposed for delay and should be scrutinized with care. Smith, 79 N.C.App. at 529, 339 S.E.2d at 852. However, such a motion would have been appropriate under the circumstances of this case.
There are no circumstances alleged which constitute an insurmountable bar to plaintiff's slander per quod claim nor is there any absolute failure to plead the necessary substantive special damages. As in Deitz v. Jackson, 57 N.C.App. 275, 281, 291 S.E.2d 282, 286 (1982), "[w]e cannot say at this stage of the proceeding as a matter of law that appellants have not herein stated a claim." (quoting Orange Co. v. N.C. Dept. of Transportation, 46 N.C.App. 350, 383, 265 S.E.2d 890, 911, disc. rev. denied, 301 N.C. 94 (1980)); see also Sale v. Comm'r of Revenue, 258 N.C. 749, 758, 129 S.E.2d 465, 471 (1963) (not dismiss on pleadings where, not knowing facts, court cannot determine with certitude whether plaintiffs by amendment could state facts sufficient to constitute cause of action). We therefore hold that the special damages alleged, taken in the light most favorable to plaintiff, were sufficient to survive a motion to dismiss under Rule 12(b)(6). Accordingly, plaintiff's slander per quod claim was improperly dismissed.

IV

The trial court's dismissals with prejudice of plaintiff's claims for intentional infliction of emotional distress and slander per se are affirmed. The trial court's dismissals of plaintiff's claims for assault and slander per quod are reversed and remanded.
Affirmed in part and reversed and remanded in part.
WELLS and EAGLES, JJ., concur.