Progress Point One-B Condo. Ass'n, Inc. v. Progress Point One Prop. Owners Ass'n, Inc., 2015 NCBC 54.

STATE OF NORTH CAROLINA

COUNTY OF NEW HANOVER

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
14 CVS 467

PROGRESS POINT ONE—B ... )
CONDOMINIUM ASSOCIATION, INC., ... )
   Plaintiff ... )
    ... )
   v. ... )
    ... )
PROGRESS POINT ONE PROPERTY ... )
OWNERS ASSOCIATION, INC., ... )
   Defendant ... )

**ORDER ON MOTION TO STRIKE**

THIS MATTER comes before the Court on Defendant's Motion to Strike Complaint and Untimely More Definite Statement ("Motion to Strike") pursuant to Rules 8, 12(e), and 12(f) of the North Carolina Rules of Civil Procedure ("Rule(s)") and Rule 15 of the General Rules of Practice and Procedure for the North Carolina Business Court ("BCR"), and;

THE COURT, having considered the Motion to Strike, briefs in support of and opposition to the Motion to Strike, and other appropriate matters of record, concludes that the Motion to Strike should be GRANTED, in part, and DENIED, in part, for the reasons below.

<u>Background</u>

1. The factual and procedural background of this matter is set forth more fully in the Court's Opinion and Order on Motion to Dismiss entered on March 2, 2015 ("Opinion and Order"). That background is incorporated herein by reference.

2. In the Opinion and Order, the Court granted, in part, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), and also granted, in part, Defendant's Motion for a More

Definite Statement pursuant to Rule 12(e).[1] Pursuant to Rule 12(e), Plaintiff had 20 days within which to file its more definite statement.

3.  On April 1, 2015, Plaintiff filed its Complaint with More Definite Statements ("MDS"). The MDS reasserted a number of claims that were dismissed with prejudice in the Opinion and Order, including Claims Three, Four, Five, and Eleven. The MDS provided some additional support, either by alleging additional facts or attaching supporting documents, for each claim as to which Defendant's Motion for a More Definite Statement was granted.

4.  On April 14, 2015, Defendant filed the Motion to Strike.[2] In the Motion to Strike and the accompanying memorandum, Defendant argues that the MDS should be stricken for three reasons. First, the MDS was filed after the 20-day deadline imposed by Rule 12(e). Second, the MDS purports to assert claims that were dismissed with prejudice in the Opinion and Order. Third, Defendant argues that the MDS should be stricken because it "continues to allege the same vague conclusions contained in Plaintiff's Complaint and Amended Complaint" and fails to comply with Rule 8 as it fails to give Defendant notice of Plaintiff's claims.[3]

Discussion

5.  A motion for a more definite statement under Rule 12(e) is properly granted when "a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Failure to comply within 20 days with an order requiring a more definite statement allows a court to "strike

---

[1] The Opinion and Order dismissed the following claims pursuant to Rule 12(b)(6): Claims Three, Four, Five, Eleven, and Fourteen. Claim Six was dismissed without prejudice. Defendant's Motion for a More Definite Statement was granted as to Claims One, Two, Seven, Eight, Nine, Ten, Twelve, and Thirteen.
[2] Additionally, on May 22, 2015, Defendant filed a Motion to Strike Improper Amendments ("Motion to Strike Amendments"). The Motion to Strike Amendments is not the subject of this Order and will be addressed in due course.
[3] *See* Mot. Strike 3-4.

the pleading to which the motion was directed or make such orders as [the court] deems just."
*Id.*

6.    Under Rule 12(f), a party can move to strike "from any pleading any insufficient defense or any redundant, irrelevant, immaterial, impertinent, or scandalous matter."  The Court of Appeals has recognized that the "purpose of Rule 12(f) is to avoid expenditure of time and resources before trial by removing spurious issues, whether introduced by original or amended complaint." *Estrada v. Jaques*, 70 N.C. App. 627, 642 (1984). "Rule 12(f) motions are 'addressed to the sound discretion of the trial court . . . .' " *Reese v. City of Charlotte*, 196 N.C. App. 557, 567 (2009) (internal citations omitted).

*Timeliness of Plaintiff's More Definite Statement*

7.    As noted above, one basis on which Defendant rests its Motion to Strike is that the MDS was not filed within the 20-day period prescribed by Rule 12(e).[4] While the Court recognizes and Plaintiff apparently concedes that the MDS was not timely filed, the Court concludes that Plaintiff has provided a sufficient explanation to meet the standard of excusable neglect.  In addition, there has been no significant prejudice caused to Defendant by the delay.[5]  Accordingly, in its discretion, the Court concludes that the Motion to Strike should not be granted on this basis.

*Plaintiff's Reasserted Claims*

8.    A second basis for the Motion to Strike is that the MDS reasserts claims that were dismissed with prejudice in the Court's Opinion and Order, including Claims Three, Four, Five, and Eleven.

9.    Under North Carolina law, a motion to strike pursuant to Rule 12(f) is proper where a party attempts to re-allege claims that have been previously dismissed by the court.

---

[4] *See id.*
[5] *See* Pl.'s Resp. Mot Strike ¶¶ 1-7.

*See Estrada v. Jaques*, 70 N.C. App. 627, 641 (1984) (affirming trial court order striking claims asserted in an amended complaint because those claims "had already been disposed of by [a] summary judgment ruling"). Here, the Court's Opinion and Order dismissed, pursuant to Rule 12(b)(6), Claims Three, Four, Five, Eleven, and Fourteen. Although the Opinion and Order did not specifically recite that these claims were dismissed with prejudice, Rule 41(b), with certain exceptions, "provides that *all* dismissals, including those under Rule 12(b)(6), operate as an adjudication upon the merits unless the trial court specifies the dismissal is without prejudice." *Johnson v. Bollinger*, 86 N.C. App. 1, 8 (1987) (emphasis in original). "Rule 41(b) grants the trial court discretion to determine whether or not its dismissal shall '*operate . . . as* an adjudication on the merits.' " *Id.* (emphasis in original). In the Opinion and Order, the Court, in its discretion, dismissed Claim Six without prejudice. Conversely, the Court's dismissal of Claims Three, Four, Five, Eleven, and Fourteen, because it did not specify otherwise, operated as a dismissal with prejudice. *See id.*

10.     Accordingly, because these claims have been disposed of by the Court's Opinion and Order, refiling them was improper and these claims should be stricken. Therefore, the Court concludes, in its discretion, that the Motion to Strike should be GRANTED as to Claims Three, Four, Five, and Eleven.

*Plaintiff's Remaining Claims*

11.     Defendant seeks to have Plaintiff's remaining claims stricken on the grounds that they failed to comply with the Opinion and Order by continuing "to allege the same vague conclusions" as in Plaintiff's previous filings, and that they fail to satisfy the pleading standard in Rule 8.

12.     As noted above, Rule 12(e) provides that the Court may "strike the pleading to which the motion [for a more definite statement] was directed or make such orders as [the Court] deems just" in the event a party fails to comply with an order issued under that Rule.

Setting aside the issue of timeliness, it appears that the MDS technically complies with the Opinion and Order issued in this matter. The MDS does provide some additional background and information concerning, or attaches additional documents regarding, each of the claims as to which the Court granted Defendant's motion for a more definite statement. Accordingly, because Plaintiff has technically defined its claims with more specificity and has therefore complied with the Opinion and Order, striking the MDS pursuant to Rule 12(e) is not the appropriate means to address these claims.

13.     Instead, Defendant's argument appears to contest not whether Plaintiff's MDS more fully defined its claims, but the sufficiency with which the claims in the MDS are pleaded. Defendant argues that, despite the opportunity to provide additional information supporting its claims, Plaintiff has failed to provide sufficient information such that Defendant has notice of Plaintiff's claims under Rule 8.

14.     While a motion to strike has been considered an analogue in certain circumstances to a motion under Rule 12(b)(6), *see Mozingo v. N. Carolina Nat'l Bank*, 31 N.C. App. 157, 164 (1976), unlike Rule 12(b)(6), a "final determination on the merits is not the relief contemplated by a defendant filing a motion to strike." *Pete Wall Plumbing Co. v. Sandra Anderson Builders, Inc.*, 215 N.C. App. 220, 225 (2011).[6] For this reason, a motion to dismiss pursuant to Rule 12(b)(6) is generally viewed as the proper means to challenge the sufficiency of a plaintiff's pleading, not a motion to strike. *See* G. Gray Wilson, *North Carolina Civil Procedure* § 12-16 (3d. 2014); *see also First-Citizens Bank & Trust Co. v. Akelaitis*, 25 N.C. App. 522, 525 (1975) ("As the motion to dismiss under [Rule] 12(b)(6) is the device to

---

[6] As noted above, a dismissal pursuant to Rule 12(b)(6) can have the effect of an adjudication on the merits if the same is entered with prejudice. *Johnson*, 86 N.C. App. at 8 ("It is true that, by definition, defendant's motion under Rule 12(b)(6) did not reach the merits of any of plaintiff's claims. Nevertheless, Rule 41(b) grants the trial court discretion to determine whether or not its dismissal shall 'operate . . . as an adjudication upon the merits.' ") (internal citations and emphasis omitted).

test the fundamental sufficiency of a complaint, so the motion to strike under Rule 12(f) is the device to test the legal sufficiency of an affirmative defense") (internal citation omitted).

15. The Court believes that Rule 12(f) is not the proper means of challenging the legal sufficiency of Plaintiff's MDS. The Court's conclusion here is reinforced by the fact that Defendant has not argued for dismissal based on the principles underlying a Rule 12(b)(6) motion, and has not otherwise clearly placed the issue of whether the MDS sufficiently states claims for relief before the Court. Accordingly, even if the Court were so inclined, the record before the Court does not support treating Defendant's Motion to Strike as though it were brought as a motion to dismiss under Rule 12(b)(6).

16. As to those justifications for granting a motion to strike that are enumerated in Rule 12(f), the Court concludes that Defendant has not presented a sufficient legal basis for striking Plaintiff's MDS. The information contained therein, except for the claims previously dismissed pursuant to Rule 12(b)(6), is not redundant, irrelevant, immaterial, impertinent, or scandalous, and Defendant does not appear argue otherwise. Instead, Defendant only attempts to test the legal sufficiency of the claims asserted in the MDS. For the reasons stated above, the Court concludes that, at least as presented in the instant motion, Rule 12(f) is not the proper means to test the sufficiency of those claims.

17. Ultimately, as to Claims One, Two, Seven, Eight, Nine, Ten, Twelve, and Thirteen, the Court concludes, in its discretion, that the Motion to Strike should be DENIED.

THEREFORE, IT IS ORDERED that:

18. As to Claims Three, Four, Five, and Eleven, the Motion to Strike is GRANTED and those claims are STRICKEN.

19. As to Claims One, Two, Six, Seven, Eight, Nine, Ten, Twelve, and Thirteen, the Motion to Strike is DENIED.

This the 1st day of June, 2015.


          /s/ Gregory P. McGuire

          Gregory P. McGuire
          Special Superior Court Judge
            for Complex Business Cases