David C. THOMSEN et al.

v.

SUN COMPANY, INC. et al.

Civ. A. No. 78–4373.

United States District Court,
E. D. Pennsylvania.

Sept. 2, 1980.

---

Frederick C. Sturm, Philadelphia, Pa., for plaintiffs.

A.H. Wilcox, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for Sun & other defendants.

Theodore W. Flowers, David E. Sandel, Jr., White & Williams, Philadelphia, Pa., for John Hancock.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On December 29, 1978, plaintiffs commenced this action alleging antitrust violations by defendants. By an Order dated October 12, 1979, we dismissed plaintiffs' complaint with leave to amend within thirty days. On November 19, 1979, more than thirty days after the Order dismissing plaintiffs' complaint with leave to amend, an amended complaint was filed. At no time was a request for an extension of time in which to amend presented. Nor were we advised that any delay could be expected. On December 31, 1979, motions to dismiss were filed on behalf of defendants. Plain-

tiffs' responses to the motions to dismiss were timely filed. Thereafter defendants moved to strike plaintiffs' submissions in opposition to the motions to dismiss on the grounds that plaintiffs had failed to serve their response to the motions to dismiss as required by Federal Rule of Civil Procedure 5(a) and that plaintiffs' counsel continued to fail to do so even after the lack of service was brought to his attention. By an Order dated January 29, 1980, oral argument on defendants' motions to dismiss was scheduled for 9:30 A.M., February 29, 1980. Plaintiffs' counsel failed to appear at the argument as scheduled.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962) (footnote omitted). In addition, Federal Rule of Civil Procedure 41(b) provides that "[f]or failure of the plaintiff to prosecute *or* to comply with these rules *or* any order of court, a defendant may move for dismissal of an action or of any claim against him." (Emphasis supplied). We believe the record in this action reveals the presence of failure to prosecute *and* failure to comply with the federal rules *and* failure to comply with orders of court. Plaintiffs' failure to amend within the time permitted amounted to both a failure to prosecute and, since an amendment in fact was subsequently filed, a failure to comply with an order of this court. The failure to serve plaintiffs' response to the motions to dismiss violated Federal Rule of Civil Procedure 5(a). The failure to appear at the argument on the motions to dismiss again manifested a failure to prosecute. Particularly since the topic of argument included the question whether the amended complaint should be stricken or dismissed for failure to timely file, the failure to appear is doubly telling.

In regard to these matters, counsel for plaintiffs states that the amended complaint was filed out of time due to an injury he sustained. In response to the Sun Company defendants' motion to strike plaintiffs'

response to the motion of Sun defendants to strike amended complaint, plaintiffs' counsel admits that Sun's counsel was not served with a response to their original motion. Plaintiffs' answer to motion to strike plaintiffs' response to motion of Sun defendants to strike amended complaint ¶ 2. He states, however, that an answer was served upon Sun Company itself by first–class mail. The questioned filing itself is not accompanied by a certificate of service, but in any event Federal Rule of Civil Procedure 5(b) provides that "[w]henever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court." No such order has been issued in this case. Plaintiffs have filed no response to the motion of John Hancock to strike plaintiffs' motion in opposition to defendants' motion to dismiss. It may therefore be deemed unopposed. In a letter dated February 29, 1980, plaintiffs' counsel contends that he did not appear at the oral argument scheduled for that morning because "[w]hen one of the secretaries called to confirm the hearing date a couple of days ago, she was told by someone that the hearing had been rescheduled to 2 P.M. that day." A review of our records reveal that the argument was never so rescheduled.

■ Viewed in isolation, these events may appear insufficient to warrant dismissal of this action. However, viewed in combination, we believe they reveal a pattern of disregard of the Rules and orders of this court. No explanation has been offered as to why it would have been impossible to request an extension of time in which to amend if such an extension was required. Nor has a reason been offered as to why no explanation of the delay was brought to the court's attention prior to the filing of motions to dismiss or strike. No reason has been offered for the failure to serve defendants' counsel with copies of significant filings, nor of the failure to provide copies upon request. Nor has any affidavit been offered from the "one of the secretaries" who was supposedly given erroneous sched-

uling information by "someone." Rules and orders of courts serve important functions, and in appropriate circumstances, a failure to abide by them can result in dismissal. *See Kushner v. Winterthur Swiss Insurance Co.*, 620 F.2d 404 (3d Cir. 1980). In view of the entire record in this action, in which plaintiffs' complaint was once dismissed with leave to amend, we believe that dismissal is warranted, and it will be so ordered.

■ Although the Supreme Court has noted that there is "no merit to the contention that dismissal of [a party's] claim because of his counsel's unexcused conduct imposes an unjust penalty on the client," *Link v. Wabash Railroad Co., supra*, 370 U.S. at 633, 82 S.Ct. at 1390, courts are nonetheless often reluctant to penalize clients in this manner. In this case, however, as an independent ground for dismissing this action, we hold that the amended complaint fails to state a claim upon which relief can be granted. Plaintiffs' protestations notwithstanding, we read plaintiffs' first and third causes of action to allege an illegal tying arrangement. For the reasons stated in our memorandum of October 12, 1979, plaintiffs' amended complaint in regard to these claims cannot withstand dismissal. Plaintiffs' price–fixing claims also fail to withstand scrutiny. There are certainly no allegations that suggest a classic horizontal combination between competitors to fix prices. Moreover, the only prices relevant to plaintiffs' complaint are the rates defendant John Hancock charges for group life insurance. This activity is exempted from antitrust scrutiny by the McCarran–Ferguson Act, 15 U.S.C. §§ 1011 *et seq.* For the exemption to apply to this case, the challenged activity must constitute the business of insurance, there must be sufficient state regulation, and there must be no act of or agreement to boycott, coerce, or intimidate. *See Travelers Insurance Co. v. Blue Cross of Western Pennsylvania*, 481 F.2d 80, 82 (3d Cir.), *cert. denied*, 414 U.S. 1093, 94 S.Ct. 724, 38 L.Ed.2d 550 (1973). The Supreme Court has noted that "[t]he primary elements of an insurance

contract are the spreading and underwriting of a policyholder's risk." *Group Life and Health Insurance Co. v. Royal Drug Co.*, 440 U.S. 205, 211, 99 S.Ct. 1067, 1073, 59 L.Ed.2d 261 (1979). We have no doubt that the establishment of the rate in this case constitutes the business of insurance. As amply discussed in defendant John Hancock's memorandum of law, the degree of state regulation is extensive. Finally, plaintiffs' complaint is devoid of any allegation of boycott, coercion, or intimidation in the establishment of the rate. Plaintiffs' amended complaint fails to state a claim upon which relief can be granted.