**Stephen H. SACHS, Attorney General of Maryland, Appellant,**

v.

**Harlan T. SNIDER and Sun Oil Company of Pennsylvania, Appellees.**

**No. 79–1309.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1980.

Decided Oct. 7, 1980.

Charles O. Monk, II, Asst. Atty. Gen., Baltimore, Md., and Chief, Antitrust Division (George A. Nilson, Deputy Atty. Gen., Michael F. Brockmeyer, Asst. Atty. Gen., Baltimore, Md., Michael S. Elder, Asst. Atty. Gen., Baltimore, Md., on brief), for appellant.

Francis J. O'Toole, Washington, D. C. (Milton Eisenberg, Fried, Frank, Harris, Shriver & Kampelman, Washington, D. C., Frank R. Roark, Chief Counsel, Philadelphia, Pa., Sunmark Industries, a Division of Sun Oil Co. of Pennsylvania, Thomas D. Washburne, Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellees.

Before RUSSELL and WIDENER, Circuit Judges, and HAWKINS, District Judge.*

PER CURIAM:

Upon appellees' motion to dismiss, the district court dismissed appellant's complaint by order entered December 4, 1978. No appeal was taken to this order, and neither was a motion filed to alter or amend the judgment of the district court under FRCP 59(a) and (b). Instead, on January 3, 1979, the last day on which an appeal could have been filed, see FRAP 4(a), appellant filed a motion to amend his complaint, which was denied by the district court. This appeal is taken from that order, and the sole question before us is whether the district court abused its discretion in refusing to permit the amendment. We think it did not.

Appellant correctly points out that the filing of a motion to dismiss, as was done in this case, does not constitute filing a responsive pleading within the meaning of

---

* United States District Court for the District of South Carolina, sitting by designation.

FRCP 15(a), and thus he contends that he is entitled to amend as a matter of right because a responsive pleading was not filed prior to the time the motion to dismiss was granted and he had moved to amend. However, in *Clardy v. Duke University*, 299 F.2d 368 (4th Cir. 1962), we held that an amendment after summary judgment was not permitted as a matter of right under FRCP 15(a). We see no difference of substance between *Clardy* and this case, and hold that the same applies to amendment after a judgment of dismissal.

The district court held that the order dismissing the case was a final appealable order, and we note that we have so held in *Cedar Coal Co. v. United Mine Workers*, 560 F.2d 1153 (4th Cir. 1977).

As alternate reasoning for its decision, the district court stated that it would have dismissed the amended complaint even had it allowed the same to have been filed. We do not find it necessary to address that question. We also do not express an opinion upon the correctness of the dismissal of the complaint by the district court.

Accordingly, with the additions as stated in this opinion, we affirm on the opinion of the district court. (D.Md.1979).

*AFFIRMED.*