**In re Bipin PATEL, Debtor.**

**A. Jack SCHAPS, Plaintiff–Appellant,**

v.

**Bipin PATEL, Defendant–Appellee.**

**No. 87 C 9719.**

United States District Court,
N.D. Illinois, E.D.

July 29, 1988.

Edward J. Halper, Hoellen Lukes & Halper, Chicago, Ill., for plaintiff-appellant.

Mark K. Thomas, James Chatz, Chicago, Ill., for defendant-appellee.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This matter is now before the Court on defendant-appellee Bipin Patel's motion to rehear and/or reconsider our February 25, 1988 order dismissing the appeal and remanding the case to the bankruptcy court. This Court's appellate jurisdiction is invoked pursuant to 28 U.S.C. § 158(a). For the reasons set forth in this opinion, we vacate our earlier order, vacate the bankruptcy court orders of August 5 and 27, 1987, in the adversary proceeding and remand to the bankruptcy court for a determination whether plaintiff-appellant A. Jack Schaps should be given leave to file an amended complaint.

### Procedural History

On May 19, 1986, Patel filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The bankruptcy court set August 19, 1986, as the last date for filing objections to the dischargeability of debts. On June 25, 1986, Schaps filed his adversary complaint, alleging that Patel's debt to him is nondischargeable under Sections 523(a)2, 4 and 6 of the Bankruptcy Code. Patel filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). On January 26, 1987, the bankruptcy court granted the motion to dismiss without prejudice and gave Schaps thirty days to file an amended complaint. All parties acknowledge receipt of the January 26, 1987 order. On January 30, 1987, the court's minute clerk read into the record that the January 26, 1987 order was mailed out, and that a status hearing was set for March 10, 1987. The court held the status hearing, and the hearing was adjourned *sine die* because Schaps had not filed an amended complaint.[1] There is no record of any proceedings before the bankruptcy court on March 31, 1987. However, the docket entry for March 31, 1987, reads:

---

1. It is not necessary for this Court to decide whether the March 10, 1987 hearing was adjourned *sine die* because of Schaps' failure to file the amended complaint within thirty days pursuant to the January 26, 1987 order or because he failed to appear at the March 10, 1987 hearing.

"[o]rder entered closing proceeding." On August 5, 1987, approximately six months after the court set the deadline for filing the amended complaint, Schaps presented his motion to the court for leave to file an amended complaint, which the bankruptcy court denied. On August 12, 1987, Schaps filed a motion to vacate the March 10 and March 31, 1987 "orders" and to reconsider the court's August 5, 1987 ruling denying leave to file an amended complaint. The bankruptcy court denied these motions to vacate and reconsider and entered the order on September 21, 1987. Schaps then filed his appeal to this Court. On February 25, 1988, we dismissed the appeal and remanded to the bankruptcy court solely for a determination of whether Schaps received notice of the March 10 hearing. We now vacate that order and remand for a different determination.

### Discussion

The critical issue presented in this case is whether or not Schaps has an absolute right to amend once as a matter of course before a responsive pleading is served when the court dismissed the original complaint with thirty days leave to amend, and Schaps did not seek an extension, did not warn the court of delay and did not file the amended complaint until approximately six months after the court-imposed deadline. We hold that Schaps does not have the right to amend once as a matter of course in these circumstances. Instead, Schaps must obtain leave of the court to amend, and leave shall be freely given when justice so requires.

Bankruptcy Rule 7015 incorporates, by reference, Fed.R.Civ.P. 15 which states:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any

time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.... Rule 15(a).

It is well settled in this Circuit that a motion to dismiss is not a responsive pleading within the meaning of Fed.R.Civ.P. 15(a). *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1111 (7th Cir.1984), *cert. denied,* 470 U.S. 1054, 105 S.Ct. 1758, 84 L.Ed.2d 821 (1985). When the original complaint alone is dismissed, a plaintiff still retains his right to amend once as a matter of course under Fed.R.Civ.P. 15(a). *Id.* However, the right to amend once as a matter of course does not survive dismissal of the entire action. *Id.* In the instant case, Schaps' action was never dismissed. *Car Carriers* makes· clear that when the bankruptcy court dismissed the complaint and gave Schaps thirty days in which to file an amended complaint, the action was not dismissed. *Id.* Furthermore, Schaps' action was not automatically dismissed at the expiration of thirty days.[2] While it appears that the bankruptcy court intended that its January 26, 1987 order dispose of Schaps' action at the expiration of thirty days, "the court's intention is irrelevant; the statutory requirements must be met." *Principal Mut. Life Ins. Co. v. Cincinnati TV 64 Ltd.*, 845 F.2d 674, 676 (7th Cir. 1988) (citing *Glidden v. Chromalloy Am. Corp.*, 808 F.2d 621, 624 (7th Cir.1986)). Similarly, the March 10 and March 31, 1987 docket entries did not dispose of the action. Fed.R.Civ.P. 54 and Fed.R.Civ.P. 58 require that every judgment or appealable order "shall be set forth on a separate document." The record on appeal discloses no draft order or minute order for March 10 or March 31. Schaps' action is still pending.

Although the bankruptcy court did not actually dismiss Schaps' action, it had the

2. Patel contends that Bankruptcy Rule 4007(c) bars Schaps from filing an amended complaint. Patel misapplies Rule 4007(c). Rule 4007(c) addresses the time for filing the original complaint. All cases cited by Patel deal with requests to file or to extend the time to file the

original complaint under Section 523(c) where the time period under 4007(c) had already expired. Schaps' original complaint was timely filed. Bankruptcy Rule 7015, which incorporates by reference Fed.R.Civ.P. 15, controls here.

power to do so. While it is clear that a plaintiff has the right to amend his complaint once as a matter of course at any time before a responsive pleading is served, "the desirable practice may be to set a specific period after a motion to dismiss has been granted in which plaintiff may file an amended complaint. If he does not do so a final judgment should be entered." 3 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice § 1483 at 415 (2d ed. 1985). In the instant case, the bankruptcy court set a specific period after the motion to dismiss had been granted, i.e. thirty days, in which Schaps could file his amendment as a matter of course. Schaps had a right to, received and rejected his amendment as a matter of course. To read Fed. R.Civ.P. 15(a) as allowing plaintiff an amendment as a matter of course for an unlimited amount of time after dismissal of the complaint flies in the face of a court's inherent right to control its docket and renders the bankruptcy court's January 26, 1987 order dismissing the complaint with thirty days leave to amend meaningless and ineffectual. Furthermore, to interpret Fed.R.Civ.P. 15(a) in such an unbridled manner is inconsistent with Fed.R.Civ.P. 1 which states that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." From a defendant's point of view, granting leave as a matter of right for an unlimited amount of time after dismissal of the complaint frustrates the desire for certainty in the termination of litigation.[3] 6 C. Wright & A. Miller, *Federal Practice and Procedure* § 15.07(2) at 15–38–39 (1971).

It should be noted that several jurisdictions have gone further to hold that the dismissal of a complaint automatically terminates plaintiff's right to amend as a matter of course. *Czeremcha v. Int'l Ass'n of Mach. & Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir.1984) ("[W]e find it appropriate to adopt the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally"); *Sachs v. Snider*, 631 F.2d 350, 351 (4th Cir.1980) (plaintiff is not entitled to an amendment as a matter of right after the complaint has been dismissed); *Elfenbein v. Gulf & W. Indus., Inc.*, 590 F.2d 445, 448 n. 2 (2d Cir.1978) (right to amend terminates upon dismissal of the complaint). While we are not prepared to hold, in accordance with these cases, that Schaps is not entitled to an amendment as a matter of course after his original complaint has been dismissed, we believe that in fairness to the defendant, and in recognition of a court's inherent right to control its docket, a court may properly require plaintiff to file his amendment as a matter of course within a reasonable period of time.

In the instant case, Schaps chose not to exercise his right to an amendment as a matter of course, and accordingly the bankruptcy court had the power to dismiss his action. "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Fed.R.Civ.P. 41(b) states:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for

---

**3.** This argument is particularly salient in the present context where "[c]ongress intended to establish a system whereby certain types of nondischargeability claims would be automatically cut off after a relatively short period of limitations in order to prevent debtors from being harassed by creditors after their claims had been discharged in bankruptcy. Congress meant to cure the abuse whereby debtors were routinely sued by creditors long after bankruptcy creditors claiming that their claims were not discharged because of fraud or a false financial statement." *Fed. Deposit Ins. Corp. v. Kirsch*, 65 B.R. 297, 300 (N.D.Ill.1986).

lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b) applies to various types of court orders, including an order requesting plaintiff to serve an amended pleading. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 41.12 at 41–146 (1971). Failure to comply with a court order is often dismissed on grounds of failure to prosecute. *Id.* at 41–152; *accord, Thomsen v. Sun Co.*, 498 F.Supp. 1109, 1110 (E.D.Pa.1980) ("Plaintiffs' failure to amend within the time permitted amounted to both a failure to prosecute and, since an amendment was subsequently filed, a failure to comply with an order of this court"). In the instant case, if the court had dismissed Schaps' action, Schaps could have appealed the judgment or moved to reopen the judgment and amend the complaint pursuant to Fed.R.Civ.P. 59(e) or Fed.R.Civ.P. 60(b). *Benjamin v. United States*, 833 F.2d 669, 671 (7th Cir.1987). However, the action is still pending. Because Schaps chose not to exercise his right to an amendment as a matter of course, he must seek leave of the bankruptcy court to amend and leave shall be freely given when justice so requires.

The record contains some indications as to whether justice requires that such leave be granted. This Circuit had adopted a liberal policy respecting amendments to the pleadings in order that cases may be decided on the merits. *Stern v. United States Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir.1977), *cert. denied*, 434 U.S. 975, 98 S.Ct. 533, 54 L.Ed.2d 467 (1977). "Leave to amend should be freely given unless it appears to a certainty that plaintiff would not be entitled to any relief under any state of facts which could be proved in support of his claim." *Id.* at 1334 (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir.1961). The guidelines to be considered in determining whether or not a plaintiff should be allowed to amend were set forth in *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Initially, the bankruptcy court's January 16, 1987 order recognized that Schaps may have a valid cause of action and urged him to clarify his allegations in an amended complaint. Therefore, it cannot be said that amendment is futile in this instance. We cannot, however, determine from the record whether Patel has suffered prejudice from the six-month delay or whether such delay was undue or in bad faith and, more importantly, Patel has not had an opportunity to so allege. Accordingly, we remand to the bankruptcy court for further proceedings on these issues.

### Conclusion

For the reasons set forth above, our order of February 25, 1988, is modified. We dismiss the appeal and remand this action to the bankruptcy court for proceedings consistent with this opinion on Schaps' motion for leave to file an amended complaint. It is so ordered.