**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

VIRGEL ST. JOHN,
Plaintiff-Appellant,

v.

MICHAEL MOORE, Director; COLIE L.
RUSHTON, Warden; SERGEANT
SPROUSE; LIBRARIAN AUSTIN,
Defendants-Appellees.

No. 97-6371

Appeal from the United States District Court
for the District of South Carolina, at Florence.
G. Ross Anderson, Jr., District Judge.
(CA-96-784-13BE)

Submitted: January 20, 1998

Decided: February 23, 1998

Before WIDENER and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Virgel St. John, Appellant Pro Se. Ronald Keith Wray, II, GIBBES,
GALLIVAN, WHITE & BOYD, P.A., Greenville, South Carolina,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Virgel St. John appeals from a district court order adopting a magistrate judge's recommendation to dismiss under Fed. R. Civ. P. 12(b)(6) his action filed under 42 U.S.C. § 1983 (1994). Generally, St. John's complaint alleged that prison officials improperly placed him in administrative segregation for twenty-five days without a hearing, subjected him to triple celling in a cell designed for a single person, forcing him to sleep on a mattress on the floor for several nights, and denied him access to various resources, such as an attorney, legal assistant, telephone, legal materials, a typewriter, and a photocopier. These deprivations, he asserted, effectively denied him access to the courts and caused him to lose a civil action.

After the magistrate judge issued a report recommending that the court grant the motion to dismiss, St. John moved to amend his complaint. In adopting the magistrate judge's report and recommendation, the district court denied the motion to amend, finding that it would be futile because the claims raised in the amended complaint had already been considered and ruled upon by the court.

St. John correctly contends on appeal that he had the right once to amend his complaint, without leave of court, prior to the filing of a responsive pleading by the Defendants. See Domino Sugar Corp. v. Sugar Workers Local Union 352, 10 F.3d 1064, 1068 n.1 (4th Cir. 1993). Defendants filed a motion to dismiss prior to St. John's motion to amend, but a motion to dismiss is not a responsive pleading under Fed. R. Civ. P. 15(a). Id. Moreover, we note that the cases cited in the district court's opinion, Foman v. Davis, 371 U.S. 178 (1962), and Sachs v. Snider, 631 F.2d 350 (4th Cir. 1980), do not authorize the decision to deny St. John's motion to amend. Foman addressed situations where leave to amend is a matter of the district court's discretion. As we have stated, because the defendants had not filed a

2

responsive pleading, entitlement to amend was not a matter of the court's discretion.

The court's reliance on <u>Sachs</u> is also misplaced. In that case, even though the defendants never filed a responsive pleading, we found that the district court properly denied the appellant's motion to amend his complaint, because it was not filed until <u>after</u> the district court dismissed the complaint. In this case, St. John moved to amend after the magistrate judge's recommendation, but before the district court issued its decision. Because it is bound to conduct a <u>de novo</u> review of the magistrate judge's report, the district court must consider claims raised before its decision even if those claims were not raised before the magistrate judge. <u>See United States v. George</u>, 971 F.2d 1113, 1118 (4th Cir. 1992).

Finally, the amended complaint asserted new substantive allegations and did not merely restate the allegations in the original complaint. First, it raised two issues not addressed by the magistrate judge: a claim that his placement in segregation and subjection to triple celling was the product of retaliation for his efforts to assist other inmates with their litigation activities, and a claim that his segregation resulted in the loss of opportunity, allegedly guaranteed by state law, to earn work credits against his sentence. Second, the amended complaint included new allegations that could alter the analysis of his claim that he was denied access to the courts. The magistrate judge recommended denying the latter claim primarily on the basis that while St. John's access to various resources needed to pursue his legal claims may have been somewhat restricted, his allegations failed to demonstrate that he lacked alternative avenues for pursuing his claims. St. John's amended complaint, however, elaborated on his earlier claims and alleged that he had no access at all to other resources such as the law library, his attorney, legal materials, etc.

Accordingly, the order of the district court dismissing this action is vacated, and the case is remanded for further consideration consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

3