UNPUBLISHED

# UNITED STATES COURT OF APPEALS

### FOR THE FOURTH CIRCUIT

GORDON B. MCDERMOTT,
              *Plaintiff-Appellant,*

v.

NATIONAL SHIPPING COMPANY OF
SAUDI ARABIA,
              *Defendant-Appellee.*

No. 00-2358

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-99-3080-CCB)

Submitted: May 24, 2001

Decided: September 7, 2001

Before WIDENER, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. West, III, Samuel M. Riley, WEST & MOORE, L.L.C., Bal-
timore, Maryland, for Appellant. Frederick L. Kobb, WRIGHT,
CONSTABLE & SKEEN, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Gordon B. McDermott appeals the district court orders dismissing his breach of contract and detrimental reliance claims against National Shipping Company of Saudi Arabia ("NSCSA") pursuant to Fed. R. Civ. P. 12(b)(6) and denying reconsideration of that order and leave to amend. We affirm.

McDermott accepted the position of Vice President of Marketing/Owner Representative's Office with NSCSA around December 1996. In October 1997, NSCSA terminated McDermott due to company restructuring. McDermott filed a diversity suit in district court claiming NSCSA breached its employment agreement with him. McDermott also alleged a claim of detrimental reliance.

NSCSA moved to dismiss McDermott's suit pursuant to Fed. R. Civ. P. 12(b)(6), asserting McDermott could not show a definite term of employment and under Maryland's presumption of at-will employment, could not state a claim upon which relief could be granted. The district court granted NSCSA's motion. McDermott filed a motion pursuant to Fed. R. Civ. P. 15(a), 59(e), requesting the court to reconsider its order and requesting leave to file an amended complaint. The district court denied the motion and McDermott appealed.

This Court reviews de novo a district court's Rule 12(b)(6) dismissal for failure to state a claim upon which relief may be granted. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997). We accept the complainant's well-pleaded allegations as true and view the facts in the light most favorable to the non-moving party. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Under Maryland's presumption of employment at-will, with narrow exceptions not claimed by McDermott to be applicable, an employment contract of indefinite duration can be legally terminated at the pleasure of either party at any time for any reason. *See Adler v. American Standard Corp.*, 432 A.2d 464, 467 (Md. 1981). When an employment contract "does not expressly specify a particular time or event terminating the employment relationship" it is considered at-

will. *Shapiro v. Massengill*, 661 A.2d 202, 208 (Md. Ct. Spec. App. 1995).

McDermott's complaint stated that "[t]hrough its December 6, 1996 correspondence and other communications, NSCSA guaranteed McDermott's employment for a period of not less than five (5) years." We find neither the December 6, 1996 correspondence nor any other allegation in McDermott's pleadings set out sufficient facts to defeat the presumption of at-will employment.

To state a claim for detrimental reliance under Maryland law, McDermott must show:

> (1) a clear and definite promise; (2) where the promisor has a reasonable expectation that the offer will induce action or forbearance on the part of the promisee; (3) which does induce actual and reasonable action or forbearance by the promisee; and (4) causes a detriment which can only be avoided by the enforcement of the promise.

*Pavel Enters. Inc. v. A.S. Johnson, Inc.*, 674 A.2d 521, 532 (Md. 1996).

Assuming without deciding that detrimental reliance of some unusual or extraordinary character can constitute an exception to the at-will employment doctrine, we find McDermott's claims unpersuasive. At bottom, McDermott's assertions of detrimental reliance are garden variety claims that, if recognized as adequate exceptions to defeat application of the doctrine, would virtually swallow the rule. Rather, it is clear that because McDermott's employment was at-will, he could not reasonably rely on the employer's statement of his intent to employ him. *See McNierney v. McGraw-Hill, Inc.*, 919 F. Supp. 853, 861 (D. Md. 1995). Therefore, McDermott's claim fails.

The denial of a request for leave to amend a complaint pursuant to Fed. R. Civ. P. 15(a) is reviewed for abuse of discretion. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). Following the dismissal of the action, the ability to amend as of right no longer exists. *See Sachs v. Snider*, 631 F.2d 350, 351 (4th Cir. 1980) (per

curiam). We find the district court did not abuse its discretion in denying McDermott's motion to reconsider and to amend.

We therefore affirm the district court's dismissal of McDermott's action and denial of his motion for reconsideration and to amend. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*