**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-7252**

———————

MIKA'YA ALI SHAKUR,

                    Plaintiff - Appellant,

          v.

HENRY PONTON, Warden; MRS. SANDERS, Hearing Officer; LT.
MOICHECK, Lead Investigator,

                    Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Raymond A. Jackson, District
Judge.  (2:13-cv-00406-RAJ-LRL)

———————

Submitted:  December 22, 2015          Decided:  January 6, 2016

———————

Before NIEMEYER and KING, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Mika'ya Ali Shakur, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mika'ya Ali Shakur appeals the district court's orders dismissing his 42 U.S.C. § 1983 (2012) action for failure to state a claim for relief, pursuant to 28 U.S.C. § 1915A(b)(1) (2012), and denying his postjudgment motion to amend. For the reasons that follow, we affirm.

Shakur first challenges the district court's dismissal of his due process challenge to his institutional conviction. We review de novo the dismissal of an action for failure to state a claim under § 1915A(b)(1). Slade v. Hampton Roads Reg'l Jail, 407 F.3d 243, 248 (4th Cir. 2005). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In making this determination, we need not accept "legal conclusions drawn from the facts, . . . unwarranted inferences, unreasonable conclusions, or arguments." Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (internal quotation marks omitted).

Our review of the record reveals no error in the district court's conclusion that Shakur failed to state a cognizable deprivation of his due process rights. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985); Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Kennedy v.

2

Blankenship, 100 F.3d 640, 643 (8th Cir. 1996) (recognizing that mere violation of state law does not support federal due process violation). Although Shakur argues that the district court should not have dismissed his action without sua sponte granting leave to amend, we find no error in the court's refusal to grant such leave under the circumstances presented. See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009).

Shakur similarly argues that the district court abused its discretion in denying his postjudgment motion to amend the complaint. We review the denial of a postjudgment motion to amend for abuse of discretion. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012). A plaintiff cannot amend as of right after the dismissal of his action with prejudice. Sachs v. Snider, 631 F.2d 350, 351 (4th Cir. 1980). Instead, the district court may not grant a postjudgment motion to amend a complaint unless the judgment is set aside or vacated pursuant to Fed. R. Civ. P. 59(e) or 60(b). Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc) (internal quotation marks omitted). "To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards," but "need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a)."

3

<u>Katyle v. Penn Nat'l Gaming, Inc.</u>, 637 F.3d 462, 471 (4th Cir. 2011).

Shakur did not provide the court with a proposed amended complaint, preventing the court from determining whether Shakur could meet the requirements for amendment. Moreover, our review of the amended complaint Shakur ultimately filed supports the court's decision to deny amendment. <u>See</u> <u>Matrix Capital</u>, 576 F.3d at 193.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>