Pearson, J.
 

 Assuming that the declaration contains-a colloquium and introductory matter, sufficient to warrant the inuendoes, we think, the Judge erred in holding, that the evidence, if believed, did not make out a justification.. When the charge is made directly, the plea should aver the truth of the charge, as laid in the declaration ; but, when the charge is made by insinuation and circumlocution, so as to make it necessary to use introductory matter to give point to and show the meaning of the words, the plea should aver the truth of
 
 the charge,
 
 which the declaration alleges was meant to be made. If the words are “Brittain is as deep in the mud, as Welch is in the mire,” and the declaration, with proper introductory matter, alleges, that these words were meant to make a charge of passing counterfeit money, the plea should aver, that the plaintiff was guilty of passing counterfeit' money. In this case, the declaration alleges, that the words used were meant to make a charge of incontinence, and the plea should aver, that the plaintiff was incontinent, which averment would be fully proved, by the evidence of the defendants’ witness, if believed... His
 
 *348
 
 testimony, if true; showed that the plaintiff was not one of those “innocent,” chaste women, whose “unsullied purity” the recital declares it was the intention of the Act to protect.
 

 But it is insisted, that the words : “she had lost a little one,” not merely charge, that the plaintiff was incontinent, but that she had brought forth a bastard child, and that the plea should aver this fact, and the evidence show it to be true.
 

 Conception and delivery are the mere effects of nature —there is no harm in them
 
 “per se.”
 
 VThe guilt lies in the criminal intercourse, which is made neither greater nor less by the collateral oircúrristances of conception and delivery, although these circumstances may be considered unfortunate, as leading to detection and exposure. Criminal intercourse is the gist of the charge, and is all that the plea need aver, or the evidence establish.
 

 The learned Judge erred in holding, that conception and delivery, which are in themselves innocent, constituted a part of the substanop of the charge, and ought to have been averred and proved.
 

 In the second count, the oharge is, that the plaintiff was a “base, lewd and incontinent woman.” The words ‘«base and lewd” are not actionable, for “lewd” means “lustful, libidinous but does not import criminal indulgence ; so that “incontinent” is the actionable word,” which, by the evidence, was established.
 

 In the third count, the charge is, “she better be listening to the report about hersolf losing a young one.” The defendants are not called upon to prove, that there was such a report, nor would it avail them as a justification, if they did. They must aver and prove the matter, alleged to have been reported, to be true, to-wit: that the plaintiff was incontinent and unchaste.
 

 The
 
 gravamen
 
 of the action is a false and malicious charge of incontinence and a want of chastity.
 

 
 *349
 
 It'is unnecessary to allude to the other points made. The judgment must be reversed and a
 
 venire de novo
 
 be issued.
 

 Per Curiam. Judgment accordingly.