STATE v. HAZEL ASHE and WINNIE ASHE.

(Filed 8 January, 1932.)

**Municipal Corporations H c — Municipal ordinance in this case held invalid.**

A municipal ordinance which makes it a misdemeanor for any lewd woman, regardless of her purpose, to appear upon the public streets of the city, or in any public buildings, store, shop, or any other place of business, imposing a punishment for its violation, is an unlawful use of the police power and a discrimination which is unreasonable in contravention of common right, and will be held invalid.

APPEAL by defendants from *Harding, J.,* at August Term, 1931, of CHEROKEE.

Criminal prosecution tried upon a warrant charging the defendants with violating the provisions of the following ordinance of the town of Murphy:

"1. That the presence of any lewd woman upon the public streets, or within any public building, store, shop or any other place or places of business within the corporate limits of the town of Murphy is hereby declared to be a public nuisance; and any lewd woman who shall be found loitering upon the public streets, or who shall be found loitering at or within any public building, stores, shop, or any other place or places of business within the corporate limits of the town of Murphy; or who shall be found in company with any male person, whether on foot or in an automobile, vehicle or other conveyances upon the streets, or in or at any public building, store, shop or any other place or places of business within the corporate limits of the town of Murphy, shall be guilty of a misdemeanor.

"2. And any male person who shall be found in company with any lewd woman at any of the places enumerated in section 1 hereof shall be guilty of a misdemeanor.

"3. Any person violating any of the provisions of this ordinance shall, upon conviction, pay a fine of $50.00."

The evidence tends to show that the defendants are lewd women residing on the "Hanging Dog Road" about two miles from the town of Murphy; that during the month of April, 1931, they were seen upon the public streets of the town of Murphy; that they entered some of the public buildings, stores, shops, and other places of business therein, and that they conversed with men upon the streets thereof.

Motion by defendants for judgment as in case of nonsuit; overruled; exception.

Verdict: Guilty.

Judgment: 30 days in jail.

The defendants appeal, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Moody & Moody for defendants.*

STACY, C. J. Is a municipal ordinance valid which makes it unlawful for any lewd woman, regardless of her purpose, to appear upon the public streets, or in any public building, store, shop, or other place of business, within the town of Murphy? We think not.

The ordinance is unduly restrictive of the rights and liberties of the defendants. *S. v. Webber,* 107 N. C., 962, 12 S. E., 598. However much they may have offended against the decencies of society, or run counter to the prevailing code of morals, or rendered themselves *non grata personæ* to the community, still they are human beings, citizens of a great Commonwealth, and entitled to the equal protection of the laws.

To deny to anyone, not lawfully imprisoned, the right to travel the highways, to buy goods, to eat bread, to attend Divine Worship, and the like, simply because he or she happens, for the time being, to belong to an unfortunate class, is an unwarranted use of the police power. 19 R. C. L., 845. Such an attempt at discrimination is unreasonable and in contravention of common right. *Milliken v. City Council,* 54 Tex., 388, 38 Am. Rep., 629.

Furthermore, the class intended to be outlawed by the ordinance is not altogether definite and certain. It is somewhat elastically described. *Snow v. Witcher,* 31 N. C., 346.

We need not pause to debate whether the clause against "loitering" might be upheld, as the conviction is based on the general provisions of the ordinance. *Peoples v. Bergen,* 169 N. Y. S., 319.

The motion of defendants for judgment as in case of nonsuit will be sustained as provided by C. S., 4643.

Reversed.