PHROCINE LATHAM PARKER v. LUCY F. EDWARDS, ELIZABETH JOSEPHINE PARKER. AND WESTERN UNION TELEGRAPH COMPANY.

(Filed 30 September, 1942.)

**1. Libel and Slander § 1—**

The general rule is that a defamatory statement, to be actionable, must be false; an admission of its truth is a complete defense to any action based thereon.

**2. Libel and Slander § 14—**

In an action for damages on an alleged libelous accusation, the truth of which was admitted, the court was correct in charging the jury that such. accusation should not be taken into consideration as bearing upon any issue.

**3. Libel and Slander § 13—**

Where a telegraph company sends a message containing words that amount to a charge of incontinency against a woman, demurrer .to the evidence, as in case of nonsuit, is properly denied. C. S., 2432.

**4. Libel and Slander § 7b—**

Although a telegram is libelous on its face, a public service telegraph company is required by law to transmit it under a qualified privilege, if in so doing it acts *bona fide,* and free from ill will or malice.

**5. Same—**

Where a qualifiedly privileged publication is admitted by defendant, the burden of proof is on the plaintiff to show malice in the publication.

STACY, C. J., dissents on appeal of defendant Western Union.

THIS is an action for libel tried before *Williams, J.,* at May Term, 1942, of BEAUFORT, based upon a telegram delivered by the defendant Lucy F. Edwards to the defendant Western Union Telegraph Company, and sent by said company from Wilson, North Carolina, by way of Richmond, Virginia, to Judge Frizzelle at Washington, North Carolina, where he was holding the Superior Court of Beaufort County, and engaged in the trial of the case of *Parker v. Parker,* wherein the plaintiff was one and the same person as the plaintiff in this case, and the defendant was Cheshire J. Parker, her husband, which telegram read:

"Judge Frizzelle                                          Sept 23 1941
   Washington NCar
   "I am aunt of C J Parker and feel I can give you some information Phrocine Parker that will help  Am in doctors care unable to leave house. Would be in your court C J Parker did not abandon her she drove him out of the home because she had an affair with Bill Midgett of Bath they separated May 1939.  On Jan 14 1940 she had an abortion performed on her by a negro doctor she sent for me and thought she was going to die she admitted Bill Midgett was father of the child she drank and spent all of his money and kept him in debt she admitted her mother caused her to bring this suit her mother did the same thing her father had to leave his home.  Cheshire requested his father to leave him this property though she could not sell it she told him she intended to leave him after his fathers death three people heard him request his father to give him only life interest Judge Frizzelle, All this is true so help me God
                                                    Lucy F Edwards
                                                    Town Creek School."

The action against the defendant Elizabeth Josephine Parker was dismissed and no appeal taken.  The defendant Western Union Telegraph Company appeals from an adverse judgment predicated upon the verdict. The plaintiff Phrocine Latham Parker appeals from that portion of the judgment predicated on the fifth issue addressed to the measure of damage.

*H. S. Ward for plaintiff, Phrocine Latham Parker.*

*Francis R. Stark and Rodman & Rodman for defendant, Western Union Telegraph Company.*

APPEAL OF DEFENDANT WESTERN UNION TELEGRAPH COMPANY.

SCHENCK, J.  The defendant telegraph company makes the subject of exceptive assignments of error the refusal of the court to sustain its demurrer to the evidence, and to enter a judgment as. in case of nonsuit,

under C. S., 567. These assignments are untenable. The telegram in suit contained written words that amounted to a charge of incontinency against the plaintiff, a woman.. C. S., 2432. The telegram was received and delivered by the company to the addressee, Judge Frizzelle. The defendant company defends upon the ground, *inter alia,* that in so far as it was concerned the telegram was a privileged communication, and that it was free from malice in transmitting the same to the addressee. The allegations to this effect raised the fourth issue submitted to the jury, to which no objection was made, said issue being: "4. Did the defendant, telegraph company, wrongfully and unlawfully transmit and deliver the said message as alleged?"

The court charged the jury in effect that even though the telegram was libelous on its face, the defendant, being a public service corporation, was required by law to transmit it, provided in so doing it acted in a manner free from malice—in other words, that the telegraph company acted under a qualified privilege, the qualification being that the receiving, sending and delivering of the telegram was *bona fide* in the regular course of its business, and free from ill will or malice, and that the burden of proof of want of good faith or of malice was upon the plaintiff. This was in accord with the authorities.

"A telegraph company is not liable for routine transmission of an interstate message, containing defamatory matter, except where transmitting agent knows that message is false or that sender was acting, not in protection of any legitimate interest, but in bad faith and for purpose of traducing another." 5th syllabus, *O'Brien v. Western Union Telegraph Company,* 113 Fed. Rep., 2d, 539.

"Where a qualifiedly privileged publication is admitted by defendant, the burden of proof is on the plaintiff to show malice in the publication." 5th syllabus, *Gattis v. Kilgo,* 128 N. C., 402, 38 S. E., 931. See, also, *Riley v. Stone,* 174 N. C., 588, 94 S. E., 434.

Upon a charge free from error, and based upon competent evidence, the jury answered the issue in the affirmative, against the defendant telegraph company.

On defendant telegraph company's appeal we find

No error.

APPEAL OF THE PLAINTIFF, PHROCINE LATHAM PARKER.

This appeal is from the judgment in so far as it is predicated upon the answer to the fifth issue, which reads: "5. What actual damage, if any, is the plaintiff entitled to recover for injury and damage to character?" and was answered: "$500.00."

The exceptive assignments of error relied upon by the plaintiff all relate to excerpts from the charge to the effect that the language of the

PARKER *v.* EDWARDS.

alleged libel "She had an abortion performed on her by a negro doctor" should not be considered by the jury on *any* issue, since the truth of the accusation had been admitted by the plaintiff on the witness stand, when the admission made by the plaintiff as a witness in her own behalf was that she "went to this doctor, but I couldn't bear the thought of this colored doctor examining me and I asked him if there was anything that he could give me that I could do and paid him $50.00 and he gave me a rubber tube and we went back home and used it and about two o'clock that night, in the presence of Dr. McClees and Lucy Edwards, I miscarried." The accusation in the telegram was that plaintiff had had an abortion performed on her by a negro doctor, and the admission made by her as witness was that she went to a negro doctor for the purpose of having an abortion performed and she purchased a rubber instrument from the negro doctor and used it as advised by him and produced an abortion.

The crime which is charged in the telegram and the crime admitted on the witness stand was one and the same, namely, an abortion. It is just as much a crime to produce an abortion under the advice of and with means furnished by another, as it is to have an abortion performed by another. The gravamen of the offense is the abortion, or the procuring of the abortion, and not the manner by which it is accomplished. The admission of procuring the means to produce an abortion and of the abortion was an admission of the accusation alleged to have been libelous, and we think, and so hold, that his Honor was correct in telling the jury in effect that since the accusation was admitted such accusation should not be taken into consideration as bearing upon any issue. The gravamen of the accusation was an abortion, the truth of which the plaintiff admitted, which admission was a complete defense to any action based upon such accusation. *Snow v. Witcher,* 31 N. C., 346. "It may be stated as a general rule . . . that a defamatory statement, to be actionable, must be false." 33 Am. Jur., Libel and Slander, par. 110.

We are of the opinion, and so hold, that his Honor was correct in instructing the jury not to consider on any issue the charge that the plaintiff had an abortion performed on her.

On plaintiff's appeal we find
No error.

STACY, C. J., dissents on appeal of defendant Western Union.