Zimmerman, J.
The affidavit filed against the defendant must be governed and limited by the ordinance on which it is predicated, and such affidavit is framed under the part of the ordinance relating to a “prostitute * * * wandering about the streets.”
Undoubtedly, in the exercise of the police power, a municipality may adopt and enforce ordinances designed to inhibit or curtail the illicit activities of prostitutes, but such ordinances should be reasonably specific, and, in our view, the ordinance in controversy, as worded, is too indefinite, restrictive and liberty depriving to constitute a valid use of the police power. Compare State v. Ashe, 202 N. C., 75, 161 S. E., 709.
*83 Since the dictionary and commonly accepted definition of the term, “wandering,” is, “to move about without a fixed course, aim, or goal,” such definition excludes an objective on the part of a prostitute to solicit customers and ply her trade, and to eliminate that practice is and should be the purpose of statutes and ordinances directed against prostitutes. After all, a prostitute, no matter how reprehensible her mode of life, is a human being with rights protected by the Constitution, and by merely “wandering,” without more, she commits no criminal offense. A suspicion of prospective misconduct is hardly enough.
As stated in 15 Ohio Jurisprudence (2d), 253, Section 20, penal statutes or ordinances are to be interpreted strictly against the state or a municipality and liberally in favor of an accused.
We are aware of the cases of Morgan, Supt., v. Nolte, 37 Ohio St., 23, 41 Am. Rep., 485, and Welch v. City of Cleveland, 97 Ohio St., 311, 120 N. E., 206, but we think the instant case poses a somewhat different question from that decided in the cases cited, principally because of the terminology of the ordinance in controversy.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for the defendant.

Judgment reversed.

Matthias, Bell and O’Neill, JJ., concur.
Weygandt, C. J., and Tart, J., dissent.
Herbert, J., not participating.