AUSLEY v. BISHOP

[150 N.C. App. 56 (2002)]

---

ANDREW H. AUSLEY, D/B/A AUSLEY APPRAISAL SERVICES v. BRYAN M. BISHOP

No. COA01-154

(Filed 7 May 2002)

**1. Libel and Slander— true statement—erroneously submitted to jury**

The trial court erred in an action arising from the severance of a business relationship by submitting slander to the jury where the evidence showed that the statement was true.

AUSLEY v. BISHOP

[150 N.C. App. 56 (2002)]

**2. Pleadings— amendment—day of trial**

The trial court did not err by denying plaintiff's motion to amend in an action arising from the severance of an appraising business where plaintiff made the motion orally for the first time on the day the case was called for trial, and the motion was based on allegations which plaintiff had denied in his reply to the counterclaim.

**3. Contracts— breach asserted in counterclaim—evidence of damages sufficient**

The trial court did not err by denying plaintiff's motions for a JNOV and a new trial on breach of contract issues arising from the severance of an appraisal business where plaintiff argued that breach of contract was not alleged in the counterclaim and that the award was in excess of the damage amount stated by defendant, but defendant's counterclaim included a claim for breach of a written contract and the jury's award was supported by sufficient evidence.

**4. Damages and Remedies— punitive damages—claim remaining after appeal**

The trial court did not err on remand by submitting punitive damages where plaintiff contended that defendant's demand for punitive damages had been dismissed by the appellate opinion, but slander remained a triable claim that could provide a basis for a punitive damages award.

**5. Damages and Remedies— punitive damages—pleadings—sufficient**

The trial court properly submitted to the jury the issue of punitive damages where defendant's counterclaim alleged slander per se and stated that plaintiff made a statement with knowledge that it was false. The pleadings sufficiently comply with N.C.G.S. § 1A-1, Rule 9(k).

**6. Damages and Remedies— punitive damages—underlying claims—one wrongly submitted**

An award of punitive damages was set aside where the court instructed the jury that it could award punitives if the malice was related to one or both of two slanders, but one of the slanders was erroneously submitted. Moreover, even though defendant elected to recover punitives instead of tripled compensatory damages, the trial court may have determined the issue of unfair

and deceptive trade practices based upon the improperly submitted statements.

**7. Damages and Remedies— punitive damages—bifurcated trial—unrelated contract claim not remanded**

    A contract claim was not remanded where several claims arose from the severance of a business, including contract and slander claims, one of the slander claims was wrongly submitted to the jury, liability and damages were bifurcated, the instructions on punitive damages linked the two slander claims, and the punitive damages award was remanded. Although a trial which is bifurcated on damages must have the same trier of fact, the breach of contract claim was an issue of liability for compensatory damages only and was unrelated to the punitive damages.

    Judge WALKER concurring in part and dissenting in part.

    Appeal by plaintiff from judgments entered 14 March 2000 and 4 August 2000 by Judge Judson D. DeRamus, Jr. and order entered 1 August 2000 by Judge L. Todd Burke in Forsyth County Superior Court. Heard in the Court of Appeals 5 December 2001.

    *Haywood, Denny & Miller, L.L.P., by John R. Kincaid, attorney for plaintiff-appellant.*

    *Randolph M. James, P.C., by Randolph M. James, attorney for defendant-appellee.*

THOMAS, Judge.

    The parties are before this Court for the second time in an action involving breach of contract and claims for compensatory and punitive damages based on slander.

    The jury awarded defendant, Bryan M. Bishop, $2,500.00 in his counterclaim for breach of contract against plaintiff, Andrew H. Ausley, d/b/a Ausley Appraisal Services. The jury also agreed with defendant as to two counts of slander and awarded him a combined $14,500.00 in compensatory damages and $85,000.00 in punitive damages. In a separate proceeding, defendant was then awarded $35,000.00 in attorneys' fees.

    Plaintiff appeals, and argues seven assignments of error. We affirm in part, vacate in part, and reverse and remand in part.

AUSLEY v. BISHOP

[150 N.C. App. 56 (2002)]

The facts are as follows: Plaintiff was a licensed residential and commercial appraiser in 1994 when defendant came to work for him as a trainee under an oral contract. In June of 1996, defendant took and passed the state registered trainee exam. As defendant was on the verge of acquiring his own license by finishing his apprenticeship in the spring of 1997, he and plaintiff entered into a written employment contract. Among its provisions were ones for non-competition and confidentiality, as well as language that the "employment shall be at will, terminable at any time by either party."

In June of 1997, the parties opened a branch office for defendant to operate. Approximately three months later, however, a disagreement severed the business relationship. Defendant packed his belongings, and among other items took a Rolodex, notebooks, papers, and apparently some sample reports with the name "Ausley Appraisal Services" on them.

Plaintiff filed suit in October 1997 alleging breach of the non-competition agreement. Defendant answered by denying any violation, and counterclaimed that plaintiff had breached both the 1994 and 1997 contracts, made fraudulent and negligent misrepresentations, engaged in unfair and deceptive trade practices, intentionally or recklessly inflicted emotional distress, engaged in malicious acts of prosecution, and had both libeled and slandered defendant. Plaintiff moved for summary judgment on the counterclaim. In May 1998, the trial court granted the motion.

Defendant appealed to this Court, which affirmed the trial court in *Ausley v. Bishop*, 133 N.C. App. 210, 515 S.E.2d 72 (1999) (hereinafter referred to as "*Ausley I*"), except for the counterclaims of slander and part of the counterclaims of unfair and deceptive trade practices and breach of the written contract.

On remand, the trial court submitted and the jury answered the following six issues in the compensatory damages stage (to "avoid prejudice," defendant was labeled plaintiff and plaintiff was labeled defendant):

1. Did the Defendant Ausley breach the written contract of April 14, 1997?

    ANSWER: Yes.

2. If so, what amount of damages did the Plaintiff Bishop sustain?

    ANSWER: $2,500.00

3. Did the Defendant Ausley slander the Plaintiff Bishop by telling Robert Phillips in substance that the plaintiff had committed loan fraud?

ANSWER: Yes.

4. If so, what amount of damages has the Plaintiff Bishop sustained therefrom?

ANSWER: $7,500.00

5. Did the Defendant Ausley slander the Plaintiff Bishop by telling Jody Leon Thomason that the plaintiff may have stolen files and he had called the police?

ANSWER: Yes.

6. If so, what amount of damages has the Plaintiff Bishop sustained therefrom, not previously included in your answer to Issue Four?

ANSWER: $7,000.00

In the punitive damages stage, the trial court submitted and the same jury answered two issues:

1. Is the Defendant Ausley liable to the Plaintiff Bishop for punitive damages?

ANSWER: Yes.

2. What amount of punitive damages, if any, does the jury in its discretion award to the Plaintiff Bishop?

ANSWER: $85,000.00

The trial court then found that the slanders constituted unfair and deceptive trade practices. Defendant elected in open court to recover the punitive damages instead of treble damages in accordance with N.C. Gen. Stat. § 75-16 (1999).

The trial court denied plaintiff's motions for judgment notwithstanding the verdict under Rule 50(b) of the North Carolina Rules of Civil Procedure and for a new trial under Rule 59. In a separate proceeding before a trial judge different than the one who presided during the jury trial, plaintiff was ordered to pay defendant $35,000.00 in attorneys' fees.

AUSLEY v. BISHOP

[150 N.C. App. 56 (2002)]

**[1]** In his first assignment of error, plaintiff contends the trial court erred in submitting the issue of slander involving Jody Thomason to the jury. He argues there was no allegation of the slander in defendant's counterclaim and, even if it had been properly pled, recovery was barred because the statement was true and there were no damages. We agree.

Defendant alleges in his counterclaim two acts of slander by plaintiff: (1) plaintiff verbally conveyed to a third party a defamatory and slanderous statement about defendant in that he told a representative from defendant's personal mortgage lender, among other things, that defendant had provided the lender fraudulent verification of his income; and (2) plaintiff told a representative of the Winston-Salem Police Department that defendant had embezzled files belonging to plaintiff.

The third party referenced in (1) above is Robert Phillips. We note briefly that the record indicates Phillips was actually defendant's mortgage broker, not lender. Thomason, owner of a mortgage company and a client and business associate of both parties, was not mentioned in (2) but it was a conversation plaintiff had with him concerning the police report that formed the basis of the jury's award. Evidence was introduced that plaintiff telephoned Thomason, told him that defendant was no longer employed by him, some files were missing, and that the police were involved. Afterwards, however, Thomason continued to have ongoing business relationships with both parties. Additionally, defendant acknowledged that he may have taken sample files with him when he left.

Rule 8(a) of our Rules of Civil Procedure requires that a claim for relief contain a "short and plain statement of the claim sufficiently particular to give the court and the parties notice of the transactions . . . intended to be proved showing that the pleader is entitled to relief." N.C.R. Civ. P. 8(a). "The purpose of Rule 8(a) is to establish that the plaintiff will be entitled to some form of relief should he prevail on the claim raised by the factual allegations in his complaint." *Holloway v. Wachovia Bank and Trust Co.*, 339 N.C. 338, 346, 452 S.E.2d 233, 237 (1994).

Here, defendant did not allege in his counterclaim that any slanderous remarks to Thomason were made by plaintiff. Defendant never established that he was entitled to relief based on such statements and provided plaintiff with no notice of the claim. *See Redevelopment Comm. v. Grimes*, 277 N.C. 634, 645, 178 S.E.2d 345,

351-52 (1971) (under principles of notice pleading, a complaint is adequate if it gives a defendant sufficient notice of the nature and basis of the plaintiff's claim and allows the defendant to answer and prepare for trial).

In allowing Thomason to testify, the trial court may have relied on the language used by this Court in *Ausley I.* After defining slander *per se* as defamatory statements about a person with respect to his trade or profession, this Court addressed an allegation of slander that defendant *had* pled. *Ausley*, 133 N.C. App. at 214-15, 515 S.E.2d at 75-76. The allegation pertained to statements made by plaintiff to Phillips, implying that defendant may have committed loan fraud. *Id.* Immediately following the discussion, this Court noted more generally:

> Additionally, defendant stated in his affidavit that "[plaintiff] contacted several of my clients and potential clients and advised them, untruthfully, that I had engaged in various unethical conduct."

*Id.* at 215, 515 S.E.2d at 76. The trial court referenced *Ausley I* during the jury charge conference with counsel:

> THE COURT: Okay. Did [defendant, Ausley,] tell Jodie Leon Thomason that he suspected plaintiff, Bishop, of taking the files and had called the police? *Again, stating basically the words of the Court of Appeals which they found to constitute a prima facie case, slander per se, as I understand it, saying that was capable of harming in trade or profession.*
>
> . . . .
>
> I do want to hear from you on that if there's a better way to do that without, to separate out any duplicate damages, and yet preserve a good record for an appeal, if there is one, if one of these is submitted in error so that we're not just lumping them together and not knowing which trails from which. *I feel better about the first one which is pled, frankly, the first slander to Mr. Phillips as alleged, than I do about the second one which is not anywhere in the pleading.*

We do not, however, reach the issue of whether this Court's prior opinion directed the submission of the issue of slander regarding statements made to Thomason. We agree with plaintiff's contention that the evidence showed his statement to Thomason was true. A

defamatory statement must be false in order to be actionable and an admission of the truth of the statement is a complete defense. *Parker v. Edwards*, 222 N.C. 75, 78, 21 S.E.2d 876, 878 (1942). Here, Thomason testified that plaintiff called on the phone and said that defendant no longer worked with him, some files may have been stolen, and that the police were involved. In fact, defendant no longer worked with plaintiff, defendant acknowledged that he may have taken sample reports with him when his employment with plaintiff ended, and the police were investigating. Accordingly, the issues of slander regarding a statement made to Thomason should not have been submitted to the jury.

[2] By his second assignment of error, plaintiff argues that the trial court erred in denying his motion to amend to assert a defense of qualified privilege. Plaintiff contends that this defense would have extended to the statements he made to Phillips. Rule 15(a) of our Rules of Civil Procedure states that leave to amend shall be freely given when justice so requires. N.C. Gen. Stat. § 1A-1, Rule 15(a). The trial court's ruling upon a motion to amend pleadings is not reviewable absent an abuse of discretion. *Mosley & Mosley Builders v. Landin Ltd.*, 87 N.C. App. 438, 447, 361 S.E.2d 608, 614 (1987).

Here, plaintiff made the motion orally for the first time on the day the case was called for trial. Moreover, plaintiff's motion was based on allegations in defendant's counterclaim that plaintiff, in his reply, had denied. We find no abuse of discretion and accordingly reject this assignment of error.

[3] By plaintiff's next assignment of error, he contends the trial court erred in denying his motions for judgment notwithstanding the verdict (JNOV), and for a new trial on the breach of contract issues. Plaintiff argues breach of contract was not alleged in the counterclaim and the jury's award was in excess of the damage amount stated by defendant.

Defendant's second claim for relief in his counterclaim is for damages caused by plaintiff's material breach of the written contract between them. Moreover, in *Ausley I*, this Court noted that defendant's alleged breach of written contract in his counterclaim, combined with defendant's statements in his deposition alleging that plaintiff failed to pay him in accordance with the contract from the period of April to June 1997, was an adequate forecast of evidence to allow this issue to survive summary judgment. *Ausley*, 133 N.C. App. at 220, 515 S.E.2d at 79.

At trial, defendant testified that his damages for plaintiff's breach of the contract totaled, "plus or minus," $1,600.00 for his work and $789.80, "plus or minus," for his apprentice's work. Therefore, defendant's damages totaled $2,389.80, "plus or minus." The jury awarded defendant $2,500.00. Applying *de novo* review to the trial court's denial of the motion for JNOV, *see In re Will Buck*, 350 N.C. 621, 624, 516 S.E.2d 858, 860 (1999), we hold that the jury's award was supported by sufficient evidence. For the same reasons, the trial court did not abuse its discretion by denying the motion for a new trial. Accordingly, this assignment of error is rejected.

[4] Plaintiff argues in another assignment of error that the trial court erred in submitting to the jury the issue of punitive damages. He first contends defendant's demand for punitive damages was dismissed in *Ausley I*. We disagree. In his counterclaim, defendant demanded "trial by jury as to all issues so triable and pray[ed] that he have and recover . . . an award of punitive damages . . . ." The holding in *Ausley I* was that the trial court improperly granted summary judgment regarding defendant's claims of slander, breach of written contract, and unfair and deceptive trade practices. *See Ausley*, 133 N.C. App. at 221, 515 S.E.2d at 80. Summary judgment was affirmed "as to all other claims." *Id.* Thus, slander was a triable claim that could provide a basis for an award of punitive damages.

[5] Plaintiff also maintains that defendant's demand for punitive damages does not comply with the requirements set forth in Rule 9(k) of the North Carolina Rules of Civil Procedure. Rule 9(k) states: "A demand for punitive damages shall be specifically stated, except for the amount, and the aggravating factor that supports the award of punitive damages shall be averred with particularity." N.C.R. Civ. P. 9(k). One of the following aggravating factors listed in N.C. Gen. Stat. § 1D-15 must be proved to recover punitive damages: (1) fraud, (2) malice, or (3) willful or wanton conduct. N.C. Gen. Stat. § 1D-15 (1999). In an action for slander, "proof of actual malice (as distinguished from imputed malice) is prerequisite to the recovery of punitive damages." *See, e.g., Stewart v. Check Corp.*, 279 N.C. 278, 287, 182 S.E.2d 410, 416 (1971).

Defendant's counterclaim does not specifically allege actual malice. It does, however, allege slander *per se*. It also states that plaintiff, "with knowledge that the statement was false," told Phillips, defendant's personal mortgage lender, that defendant had provided the lender fraudulent verification of his income. Plaintiff again demands punitive damages in his prayer for relief. The pleadings

sufficiently comply with Rule 9(k) and we reject plaintiff's assignment of error.

**[6]** For different reasons, however, we agree with plaintiff that the award of punitive damages must be set aside. The trial court instructed the jury that it could award punitive damages if "the malice of the Defendant Ausley was related to the slanders and resulting injury therefrom—*one or both of the slanders* or resulting injuries therefrom that you found in the first phase of this trial, for which you've already awarded compensatory damages to the plaintiff." (Emphasis added). Based on our holding that it was error to submit the claim of slander regarding Thomason, the submission of the issue of punitive damages to the jury based on one or both slander claims was error. The jury may have based its punitive damages award, in whole or in part, on the statements made to Thomason.

Similarly, the trial court may have determined the issue of unfair and deceptive trade practices based in whole or in part on the statements made to Thomason. The issue of unfair and deceptive trade practices was not submitted to the jury, but was properly decided by the trial court after the jury returned its verdict. *Mapp v. Toyota World, Inc.*, 81 N.C. App. 421, 425, 344 S.E.2d 297, 300, *disc. review denied*, 318 N.C. 283, 347 S.E.2d 464 (1986). Defendant then made an election to recover punitive damages instead of trebling the compensable damages awarded for the slanders. *See* N.C. Gen. Stat. § 75.16 (trebling the damages awarded to a person injured by deceptive acts or practices).

**[7]** Because the issue regarding Thomason should not have been submitted to the jury, a new trial on all remaining issues except breach of contract is required if defendant wishes to proceed with his request for punitive damages. Generally, appellate courts in North Carolina have discretionary authority to decide whether a case should be remanded for a partial new trial. *See, e.g., Robertson v. Stanley*, 285 N.C. 561, 568, 206 S.E.2d 190, 195 (1974). Here, however, the compensatory and punitive damages phases of the trial were bifurcated pursuant to section 1D-30 of our General Statutes, which provides:

> Upon the motion of a defendant, the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages, if any. Evidence relating solely to punitive damages shall not be admis-

AUSLEY v. BISHOP

[150 N.C. App. 56 (2002)]

sible until the trier of fact has determined that the defendant is liable for compensatory damages and has determined the amount of compensatory damages. The *same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages.*

N.C. Gen. Stat. § 1D-30 (1999) (emphasis added). "[W]here an appellate court concludes that a case that was bifurcated at trial pursuant to N.C. Gen. Stat. § 1D-30 must be remanded for a new trial on the issues relating to punitive damages, we believe the statute requires that the case must also be remanded for a new trial on the issues of liability for compensatory damages and the amount of compensatory damages, so that the same jury may try all of these issues." *Lindsey v. Boddie-Noell Enterprises, Inc.,* 147 N.C. App. 166, 177, 555 S.E.2d 369, 377 (2001), *disc. review denied,* 355 N.C. 213, 559 S.E.2d 803 (2002). Since the breach of contract claim was an issue of liability for compensatory damages only and was unrelated to the punitive damages, its remand is not required.

Accordingly, we affirm that part of the judgment finding a breach of contract and the award for that breach. We vacate that part of the judgment related to Thomason. We reverse the trial court's order and remand for a new trial consistent with this opinion as to those claims related to Phillips. We also necessarily reverse and remand the award of attorneys' fees. The remaining assignments of error are not considered.

AFFIRMED IN PART, VACATED IN PART, REVERSED AND REMANDED IN PART.

Judge WYNN concurs.

Judge WALKER concurs in part and dissents in part.

WALKER, Judge, concurring in part and dissenting in part.

I concur with that portion of the majority opinion which holds that the trial court erred in submitting the issue of whether plaintiff's statements to Thomason constituted slander and which affirms the judgment on the breach of contract claim. However, I respectfully dissent from that portion of the majority opinion which would require a new trial on the remaining issues. I conclude this Court's holding in *Lindsey v. Boddie-Noell Enterprises, Inc.,* 147 N.C. App. 166, 176-77,

555 S.E.2d 369, 377 (2001), *disc. rev. denied*, 555 N.C. 213, 559 S.E.2d 803 (2002) is inapplicable to the facts of this case.

Here, the trial court initially instructed the jury that it was to answer two questions: (1) "Is the [plaintiff] liable to the [defendant] for punitive damages" and (2) "What amount of punitive damages, if any, does the jury in its discretion award to [defendant]." The trial court then instructed that with respect to the issue of punitive damages defendant must prove plaintiff had acted with malice which was related to "one or both of the slanders." This alternative language supports the award of punitive damages as to the slander claim which is being upheld. Therefore, in my opinion, a new trial is not required.